## COMMONWEALTH vs. THOMAS FERDEN.

Middlesex. Nov. 23, 1885. — Jan. 11, 1886. DEVENS & GARDNER, JJ., absent.

A complaint, under the Pub. Sts. c. 101, §§ 6, 7, alleged that the defendant maintained a certain common nuisance, to wit, a tenement used for the illegal sale and illegal keeping for sale of intoxicating liquors. The warrant issued upon the complaint recited that the complaint was "for maintaining a common liquor nuisance." *Held*, that the warrant sufficiently recited the substance of the accusation of the complaint.

A license for the sale of intoxicating liquors contained the following clause : "The licensee is required to close permanently all entrances to the licensed premises other than those from the public street or streets upon which such premises are located." The licensed premises were a saloon thirty feet deep, with a door fronting on the street upon which the premises were located, and opening into the saloon ; and there was another door, which was put in at the time the building was constructed, at the rear of the saloon, opening upon a driveway from the street to the rear, and which was not kept closed. *Held,* that these facts constituted a violation of the license.

COMPLAINT to the Second District Court of Eastern Middlesex, under the Pub. Sts. c. 101, §§ 6, 7, alleging that the defendant, on June 6, 1884, and on divers other days and times between that day and the day of making the complaint, August 9, 1884, at Watertown, "knowingly, wilfully, and without having any legal appointment or authority therefor, did keep and maintain a certain common nuisance, to wit, a tenement in said Watertown, then and on said other days and times there used for the illegal sale and illegal keeping for sale of intoxicating liquors, to the great injury," &c. The warrant issued upon the complaint recited that the complaint was " for maintaining a common liquor nuisance at Watertown."

In the Superior Court, before the jury were empanelled, the defendant filed a motion to quash the complaint, assigning, among other reasons, the following: "Because the warrant in said case does not recite the substance of the accusation set forth in said complaint." *Pitman*, J., overruled the motion; and the defendant excepted.

At the trial, the government introduced evidence tending to show that, on July 14, 1884, the defendant was the proprietor of a saloon on Arsenal Street in Watertown, and sold in his saloon

intoxicating liquors to be drunk on the premises; that he held a license of the first class to sell intoxicating liquors in said saloon, and also a license as a common victualler; that the license for the sale of liquors contained the following clause: " The licensee is required to close permanently all entrances to the licensed premises other than those from the public street or streets upon which such premises are located; " that said premises were located and fronted on said street, the building and saloon being eight feet back from the street, and were upon no other street; that the whole lot was open on the street in front, and enclosed by a fence upon the other three sides, with no entrance to the lot except from the street; that said lot was about sixty feet on said street by one hundred and twenty feet deep; that there was a driveway from the street upon one side of the lot around to the rear of the building, and there was sufficient room upon the other side of the lot between the building and the fence for persons to pass from the street to the rear; that the saloon extended through from the front to the rear of the building, being about thirty feet deep, with a door on the street side into the saloon; and that there was also a door from the other end of the saloon, which was put in at the time the building was constructed, and which had not been kept closed since said license was granted.

This was all the evidence introduced upon the part of the government; and the defendant conceded these facts, and contended that, upon these facts, he could not be convicted under this complaint.

The judge ruled that, upon the conceded facts, the defendant was guilty, and directed *pro forma* a verdict of guilty; to which ruling the defendant alleged exceptions.

*I. W. Richardson*, for the defendant.

*E. J. Sherman*, Attorney General, (*H. N. Shepard*, Assistant Attorney General, with him,) for the Commonwealth.

MORTON, C. J. The defendant's motion to quash was rightly overruled. The complaint is in the usual and approved form, and is sufficient. If any objection to the form of the warrant could furnish ground for quashing a good complaint, we are of opinion that, in this case, the warrant sufficiently recites the substance of the accusation.

The principal question is whether, upon the facts proved and admitted, the court rightly ruled that the defendant was guilty of the offence charged.

By the defendant's license, he was " required to close permanently all entrances to the licensed premises other than those from the public street or streets upon which such premises are located." This requirement is in accordance with the statute. Pub. Sts. *c*. 100, § 12. The licensed premises of the defendant were a saloon thirty feet deep, with a door on the street front opening into the saloon. There was another door at the rear of the saloon, opening upon a driveway from the street to the rear, which was not kept closed. By neglecting to keep this rear door closed, the defendant violated his license.

The purpose of the Legislature, manifested in this and other provisions of the statute, was that the premises licensed and the entrances to them should be open and exposed to view from the public streets. The plain intent of the statute is to prohibit back entrances, and to permit the use of such entrances only as are directly upon the street. The rear door of the defendant was an entrance from the driveway, and not an entrance from the public street, within the meaning of the statute and the license. The court therefore rightly ruled, that, upon the conceded facts, the defendant was guilty. *Commonwealth* v. *Barnes*, 138 Mass. 511.

The question whether the defendant had a right to go to the jury upon the facts conceded is not raised by the bill of exceptions. He excepted only to the ruling of the court, and not to the act of the court in directing *pro forma* a verdict of guilty.

*Exceptions overruled.*