### COMMONWEALTH *vs.* MARK H. DAVIS.

Bristol.    October 24. — Nov. 1, 1876.    DEVENS & LORD, JJ., absent.

A complaint under the St. of 1875, c. 99, averring that the defendant, on a day named, sold intoxicating liquor " not having then and there any license, authority or appointment according to law, to make such sale," sufficiently negatives the exception in the statute, if such exception need be negatived ; and, if the defendant has a license, warrants the introduction of evidence of a sale on the Lord's day, in violation of the conditions of his license.

COMPLAINT, dated September 17, 1875, to the First District Court of Bristol, averring that Mark H. Davis, on the first day of August, 1875, " unlawfully did sell to one George L. Totten intoxicating liquor, not having then and there any license, authority or appointment according to law, to make such sale."

At the trial in the Superior Court, before *Wilkinson*, J., on appeal, Totten testified that the defendant kept a hotel in Taunton, and that on one occasion he went in there with one or two other persons, and bought intoxicating liquor of the defendant, some time in July or August, before the date of the complaint, but what particular date he could not state, and that this was the same act to which he testified in the court below in this case. The defendant produced a license authorizing him to sell liquor to be drunk on the premises, also an innholder's license. The district attorney then asked Totten on what day of the week he purchased the liquor of the defendant. The defendant objected to the question, if the government proposed to prove by it that a sale was made on the Lord's day. But the judge

allowed the question to be put, and the witness said that it was on Sunday, but what particular Sunday in July or August he could not say. It appeared that the first day of August, named in the complaint, was Sunday.

Upon this evidence the defendant asked the judge to rule, that if the government contended that the unlawful sale was by reason of the violation of the conditions of the defendant's license, in selling on the Lord's day, it should have been so alleged in the complaint, and without such allegation evidence on that point was incompetent; but the judge refused so to rule. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*S. R. Townsend,* for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth.

GRAY, C. J. By the St. of 1875, *c.* 99, § 1, it is enacted that "no person shall sell, or expose or keep for sale, spirituous or intoxicating liquors, except as authorized in this act." By § 4 provision is made for the granting of licenses, which by § 6 must be expressed to. be subject to certain conditions, one of which is that no sale of such liquors shall. be made on the Lord's day, "except that if the licensee is also licensed as an innholder, he may supply such liquor to guests who have resorted to his house for food or lodging."

It would seem to be unnecessary, in a complaint on § 1, to negative this exception contained in § 6. *Commonwealth* v. *Tuttle,* 12 Cush. 502. *Commonwealth* v. *Jennings, ante,* 47. If any negative averment is required, the complaint before us, alleging that the defendant sold intoxicating liquor, "not having then and there any license, authority or appointment according to law, to make such sale," is sufficient, and warranted the introduction of evidence of any sale which was unlawful under the statute. *Commonwealth* v. *Lafontaine,* 3 Gray, 479. *Commonwealth* v. *Fredericks,* 119 Mass. 199.

The evidence admitted was · therefore competent. No question of its sufficiency, or of the burden of proof, is reserved by the bill of exceptions. If the defendant was surprised by the ground ultimately relied on by the district attorney, his remedy was by motion for a postponement or continuance.

*Exceptions overruled.*