### COMMONWEALTH *vs.* MARTIN BYRNES.

Middlesex. Nov. 25, 1878. — Jan. 30, 1879. MORTON & SOULE, JJ., absent.

Under the Gen. Sts. *c.* 173, § 8, and the St. of 1864, *c.* 250, § 2, questions of law, arising upon a motion to quash, seasonably filed, and overruled by the Superior Court, may, after the conviction of the defendant, if in the opinion of the presiding judge they are so important or so doubtful as to require the decision of this court, be reported, at the desire or with the consent of the defendant, for its determination.

Under the St. of 1875, *c.* 99, § 1, which enacts that " no person shall sell, or expose or keep for sale, spirituous or intoxicating liquors, except as authorized in this act," a complaint, which merely alleges that the defendant " unlawfully did expose and keep for sale intoxicating liquors, with intent unlawfully to sell the same within this Commonwealth," is insufficient.

COMPLAINT on the St. of 1875, *c.* 99, § 1, to the First District Court of Southern Middlesex, alleging that the defendant, on April 27, 1878, at Framingham in the county of Middlesex, " unlawfully did expose and keep for sale intoxicating liquors, with intent unlawfully to sell the same within this Commonwealth, against the peace of said Commonwealth and contrary to the form of the statute in such case made and provided."

Before judgment in the District Court, the defendant moved to quash the complaint, " because there is no sufficient allegation that the defendant was not authorized by law to do the acts therein mentioned," and for other reasons not now necessary to be stated.

This motion was overruled, and the defendant was convicted, and appealed to the Superior Court, and there renewed his motion to quash. *Bacon,* J., overruled the motion; and thereupon the defendant pleaded guilty, and the questions of law, arising at the trial upon the motion so overruled, being in the opinion of the presiding judge so important and doubtful as to require the decision of this court, were reported, at the desire and request of the defendant, for its consideration and determination.

*F. F. Heard*, for the defendant.

*C. R. Train*, Attorney General, & *J. F. Brown*, Assistant Attorney General, for the Commonwealth.

GRAY, C. J. Upon objections to a complaint, specifically assigned by demurrer or motion to quash, filed before judgment in the District Court, and renewed in the Superior Court upon appeal, the decision of the Superior Court is subject to revision by this court on bill of exceptions. St. 1864, *c.* 250, § 2. *Commonwealth* v. *McGovern*, 10 Allen, 193. *Commonwealth* v. *Walton*, 11 Allen, 238. The Gen. Sts. *c.* 173, § 8, authorize any question of law arising "upon the trial of a person convicted in the Superior Court," which in the opinion of the presiding judge is so important or so doubtful as to require the decision of this court, to be reserved, at the desire or with the consent of the defendant, upon report; and apply as well to questions arising upon the trial of an issue of law, as to questions of law arising upon the trial of an issue of fact. *Commonwealth* v. *Boston & Albany Railroad*, 121 Mass. 36. The objections to the sufficiency of the allegations in this complaint are therefore properly before us.

By the St. of 1875, *c.* 99, § 1, upon which this complaint is founded, it is enacted that "no person shall sell, or expose or keep for sale, spirituous or intoxicating liquors, except as author ized in this act." It is unnecessary to negative in the complaint the specific exceptions afterwards enumerated in the proviso to this section and in the subsequent sections of the statute. But the exception in the enacting clause of the first section, already quoted, should be negatived, by the words "not having then and there any license, appointment or authority according to law," or by other equivalent words; and the want of any such negative allegation renders this complaint fatally defective. The insertion of the word "unlawfully" does not dispense with the necessity of specifically alleging the elements required by the enacting clause of the statute and by the rules of criminal pleading to constitute the crime charged against the defendant. *Commonwealth* v. *Hart*, 11 Cush. 130, 136. *Commonwealth* v. *Wilson*, 11 Cush. 412. *Commonwealth* v. *Tuttle*, 12 Cush. 502. *Commonwealth* v. *Jennings*, 121 Mass. 47. *Commonwealth* v. *Davis*, 121 Mass. 352.

*Complaint quashed.*