## COMMONWEALTH *vs.* JAMES BARNES.

Middlesex. Dec. 6, 1884. — Feb. 28, 1885. COLBURN, J., absent.

At the trial of an indictment for keeping a common nuisance, to wit, a tenement used for the illegal sale and illegal keeping of intoxicating liquors, having no license to keep such liquors for sale, if it appears that the defendant had such license, and also a license as an innholder, it is competent to show that the defendant made sales of liquors on the Lord's day, which were in violation of the conditions of his license unless made to guests who had resorted to the inn for food or lodging; and that he maintained curtains and screens which interfered with a view of the interior of the premises.

At the trial of an indictment for keeping a tenement used for the illegal sale and illegal keeping of intoxicating liquors, if the defendant has two licenses to sell such liquors, it is within the discretion of the presiding judge as to how far the government shall be required to specify what violations of the defendant's licenses are to be relied upon before producing testimony.

At the trial of an indictment for keeping a tenement used for the illegal sale and illegal keeping of intoxicating liquors, if the defendant, who is an innholder, has a license to sell such liquors, the questions to witnesses as to the kind of inn kept by the defendant, and the dress and appearance of those who were drinking on the occasion alleged, are admissible in the discretion of the presiding judge.

At the trial of an indictment for keeping a tenement used for the illegal sale and illegal keeping of intoxicating liquors, if the defendant has a license to sell such liquors, and also a license as an innholder, he is not entitled to a ruling that, if he sold intoxicating liquors in good faith to one as a guest, he was not responsible.

DEVENS, J. The defendant was indicted for keeping a common nuisance, to wit, a tenement used for the illegal sale and illegal keeping of intoxicating liquors, having no license therefor. As it appeared that the defendant had a license of the first class, and also one as an innholder, covering the time alleged, the defendant contended that this was a defence to the indictment, as the same specified the nuisance to be illegal keeping and sale, not being duly licensed; objected to the admission of any other testimony; and excepted to the ruling under which it was introduced. The question which the defendant here raises is decided by *Commonwealth* v. *Davis*, 121 Mass. 352, where it was held that, upon a complaint under the St. of 1875, *c.* 99, averring that the defendant, on a day named, sold intoxicating liquor, having no license, &c. therefor, if it appeared that the defendant had a license, evidence could then be introduced, to sustain the complaint, of a sale on the Lord's day in violation of the

conditions of his license. It was therefore competent to show that sales were made on the Lord's day, which were in violation of the conditions of his license unless made to guests of the house who had resorted thereto for food or lodging. *Commonwealth* v. *Rafferty*, 133 Mass. 574. *Commonwealth* v. *Rogers*, 135 Mass. 536.

The burden of proof was on the defendant to show that the persons to whom sales were made on that day were of this class. *Commonwealth* v. *Towle*, ante, 490. Pub. Sts. c. 214, § 12.

It was further competent to show that the defendant maintained curtains and screens which interfered with a view of the interior of the premises. As, by the statute, the "placing or maintaining of any of said obstructions shall of itself make the license void," no proceeding was necessary to invalidate the license, and proof of these facts deprived the party holding it of the protection which it would otherwise afford. Pub. Sts. c. 100, § 12. St. 1882, c. 259.

The question how far the government should be required to specify what violations of the defendant's licenses were to be relied on before producing testimony, was within the discretion of the presiding judge. *Commonwealth* v. *Ryan*, 9 Gray, 137, and cases cited.

The questions to witnesses as to the kind of inn kept by the defendant, and the dress and appearance of those who were drinking on the occasion alleged, were admissible in the discretion of the presiding judge, and the answers may have aided in determining the character of the business there conducted.

The instruction requested, that, if the defendant sold intoxicating liquors in good faith to one as a guest, he was not responsible, should not have been given. One holding a license must, at his peril, keep within the terms of it. This has been frequently decided. *Commonwealth* v. *Farren*, 9 Allen, 489. *Commonwealth* v. *Goodman*, 97 Mass. 117. *Commonwealth* v. *Emmons*, 98 Mass. 6. *Commonwealth* v. *Uhrig*, ante, 492. *Commonwealth* v. *Sinclair*, ante, 493.                    *Exceptions overruled.*

*C. H. Hudson & P. J. Casey*, for the defendant.

*H. N. Shepard*, Assistant Attorney General, for the Commonwealth.