LEO J. MURRAY *vs.* CONTINENTAL INSURANCE COMPANY.

Suffolk.    February 1, 1943. — April 20, 1943.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Evidence*, Presumptions and burden of proof, Judicial notice. *Insurance*, Coverage, Sprinkler leakage insurance. *Words*, "Except as herein provided."

In an action on a policy insuring against all direct loss by sprinkler leakage, "except as herein provided," and containing on another page a clause entitled "Hazards not covered" providing that the insurer "shall not be liable for loss or damage caused directly or indirectly" by certain causes, including "cyclone, tornado, windstorm," where there was conflicting evidence as to whether a break in the plaintiff's sprinkler system allowing leakage and damage to his goods was caused by a portion of the roof being blown off in the storm of September 21, 1938, or occurred previous to the storm and was due to some other cause, the burden was on the defendant to show that the break was caused by the storm within the "Hazards not covered" clause, and was not on the plaintiff to show that it was not so caused.

A trial judge was not required to take judicial notice that a severe storm on September 21, 1938, was a "windstorm" in a particular locality within the meaning of an insurance policy, but might leave that question to the jury under suitable instructions.

CONTRACT. Writ in the Superior Court dated September 14, 1939.

The action was tried before *Brown*, J. There was a verdict for the plaintiff, and the defendant alleged exceptions.

Portions of the judge's charge were as follows: "Now the burden is upon the defendant to prove to you that this break

was caused by the windstorm.  It is not incumbent upon the plaintiff to prove what caused it.  All the plaintiff needs to show you and prove to you by a fair weight of the evidence is that the damage was caused by a leak in the system and if the defendant claims that that leak was caused by something that they excepted from the operation of this policy and therefore did not insure against . . ., the burden is on the defendant to prove it.  So the burden here is on the defendant to prove to you that this break was caused by windstorm. . . . I cannot tell you what a windstorm is by way of definition except this: that it is not a short gust of wind no matter how severe, because while there might be a big wind, it wouldn't be a storm.  There must be some dimensions to it and it must be interpreted to some extent with a view to the other words with which it is associated in the policy here, — cyclone, tornado or windstorm. . . . But a windstorm is a storm of wind and it is bigger than an ordinary wind and it is bigger than a big wind that is of short duration and no matter how severe.  It is a prolonged wind of a tumultuous nature and great intensity, — and beyond that I do not dare to go.  But you know what a storm is. . . . Now the burden is on the defendant to show you this leakage of this sprinkler system was broken by windstorm.  Now that burden is not sustained merely by saying it was broken by the wind.  It must have gotten to the proportions I have attempted to give you, — a windstorm associated in thought with the tornado and cyclone which are the words with which it is associated and used in the clause that I have referred to as a hazard clause, and beyond that you will have to decide what a windstorm is. Well, all of us know what occurred on the afternoon of that day, I guess.  We have had our individual experiences if we were out doors.  Most of us were on that afternoon.  I caution you about using your own recollection of the events of that afternoon, however, because the very nature of the windstorm you might consider to involve violent changes in the direction of the wind and conditions might be very different in one community and one locality than in another. The wind might blow in Worcester, where I happened to be,

in one direction and in Canton where this factory happened to be from another, and even might change from moment to moment for one reason or another, — you cannot tell, but while you may as a general rule use your own experience and your own common sense and your own knowledge of conditions so far as they are material, unless you happened to be in Canton in the vicinity of this building that afternoon, I caution you about relying too much upon your recollection and your experience of that afternoon."

H. W. Cole, (C. W. O'Brien with him,) for the defendant.

W. H. Lewis, for the plaintiff.

RONAN, J.    The defendant issued to the plaintiff, a dealer in wool remnants maintaining an office and warehouse in Canton, a policy insuring his stock in trade against loss from sprinkler leakage.   There was evidence that a portion of the roof of the plaintiff's warehouse was blown off by a hurricane and windstorm which visited Canton in the late afternoon of September 21, 1938, and that, as a result, the automatic sprinkler system was broken and the plaintiff's stock was damaged by the escaping water.   On the other hand, there was testimony that the break in the system had occurred an hour before the roof was damaged and that, whatever caused the leak, it was not due to a hurricane or windstorm.   The jury returned a verdict for the plaintiff.

The principal contention of the defendant is that there was error in denying its request that the burden of proof was on the plaintiff to show that the break in the system was not caused by the windstorm, and in instructing the jury that the burden of proof on that issue was on the defendant.

The policy in the instant case is substantially similar to, if not identical with, in the provisions now material, the corresponding provisions of the policies involved in *Woogmaster* v. *Liverpool & London & Globe Ins. Co. Ltd.* 312 Mass. 479, where it was held that the insurers were not liable for damage from leakage of the sprinkler system resulting from a break in the system which was caused by the same hurricane or windstorm that the defendant con-

tends damaged the warehouse of the present plaintiff. In that case, the facts were agreed upon and there was no dispute that the blowing off of a part of the roof by the hurricane or windstorm broke some of the pipes comprising the sprinkler system. A loss so caused was among those enumerated in the "Hazards not covered" clauses contained in those policies and exempted the insurers from liability. Of course, where an injury, death or damage is shown by an agreed statement of facts or by an inevitable conclusion from the testimony to have arisen from a cause included in a clause exempting the insurer from liability for such a risk, there can be no recovery on the policy. *Tuttle* v. *Travellers' Ins. Co.* 134 Mass. 175. *Piper* v. *Mercantile Mutual Accident Association*, 161 Mass. 589. *Keene* v. *New England Mutual Accident Association*, 164 Mass. 170. *Willard* v. *Masonic Equitable Accident Association*, 169 Mass. 288. *Stankus* v. *New York Life Ins. Co.* 312 Mass. 366. The only question presented in the cases cited was one of construction of the policies, while here the question is whether, upon conflicting evidence tending to show on the one hand that the break in the system was, and on the other hand that it was not, due to the windstorm, the burden was upon the defendant to show that it was due to that cause and so came within the provisions of the "Hazards not covered" clause and therefore was outside the risk covered by the policy.

The defendant, in consideration of a stated premium, insured the plaintiff for a term of three years "against all direct loss and damage by 'sprinkler leakage,' except as herein provided," to an amount not exceeding a designated sum upon certain property located in the warehouse of the insured. This insuring clause was followed by various other provisions and riders. Among the provisions appearing on the next page of the policy was one defining sprinkler leakage as meaning leakage or discharge of water or other substance from the sprinkler system resulting in loss or damage to the property described in the policy; and another, entitled "Hazards not covered," which provided that "This Company shall not be liable for loss or damage caused

directly or indirectly by . . . fire, lightning, **cyclone, tor-nado,** windstorm, earthquake, [or] explosion."

The policy insured the plaintiff against damage to his property caused by leakage from the sprinkler system, and the plaintiff, in order to recover, must prove that the property described in the policy was damaged by the leakage. The question is whether, to make out a case, the plaintiff must go further and prove that his loss was not attributable to any of the causes enumerated in the "Hazards not covered" clause or whether, the loss by leakage having been shown, the defendant, to avoid liability, must show that it was due to some one of the causes mentioned in the said clause. The answer must be found in a fair and proper construction of the policy and this, in turn, to a considerable degree depends upon the effect to be given to the words "except as herein provided" appearing in the insuring clause. They undoubtedly refer to the "Hazards not covered" clause. If they are sufficient to import into the insuring clause a description of the risks mentioned in the "Hazards not covered" clause so that exclusion of such risks is made a part and parcel of the description of the coverage in the insuring clause itself to the same extent as if they were expressly and specifically written in said clause, then the coverage of the policy as described in the insuring clause is confined to such damage by sprinkler leakage as has not been caused by any of the risks named in the "Hazards not covered" clause. In that event, the insuring clause itself would fully, completely and definitely fix the extent of the coverage, and the insured would have to prove that the loss arose from a risk included in the coverage as thus established and thus limited. *Kingsley* v. *New England Mutual Fire Ins. Co.* 8 Cush. 393. *Sohier* v. *Norwich Fire Ins. Co.* 11 Allen, 336. *People's Ice Co.* v. *Employers' Liability Assurance Corp.* 161 Mass. 122. *Smith* v. *Travelers Ins. Co.* 219 Mass. 147, 150. *Leland* v. *United Commercial Travelers of America,* 233 Mass. 558, 565. *Silva* v. *Fidelity & Casualty Co.* 252 Mass. 328, 330. *Lunt* v. *Aetna Life Ins. Co.* 253 Mass. 610. *Rosen* v. *Royal Indemnity Co.* 259 Mass. 194. *Brown* v. *Boston Casualty Co.* 295 Mass. 298. On the other

hand, if this policy in the first instance extends the coverage to all loss arising from sprinkler leakage, and if the phrase "except as herein provided" simply serves the purpose of permitting the defendant to rely upon the "Hazards not covered" clause in order to carve out of the coverage thus stated in the insuring clause a loss contended to be attributable to one of the risks included in the "Hazards not covered" clause, then the burden is on the defendant to prove a causal connection between the loss and one of these risks. In *Freeman* v. *Travelers' Ins. Co.* 144 Mass. 572, the policy covered injuries effected through external, violent and accidental means "within the intent and meaning of this contract and the conditions hereunto annexed." In *Badenfeld* v. *Massachusetts Mutual Accident Association,* 154 Mass. 77, the certificate insured against injury and death caused by external, violent and accidental means "within the meaning of the conditions herein recited." In *Keene* v. *New England Mutual Accident Association,* 161 Mass. 149, the defendant insured against injuries effected through external, violent and accidental means "within the intent and meaning of the provisos and conditions" recited in the policy. In each of those cases, such a reference in the insuring clause to the conditions thereto annexed or recited was held not to limit the scope of the coverage of the insurance, unless the defendant proved that the injuries came within one of the provisos or that the insured failed to comply with one of the conditions of the policy. It was said in *Anthony* v. *Mercantile Mutual Accident Association,* 162 Mass. 354, 357, with reference to a policy substantially similar to the policies involved in the three cases last cited, "While the use of the words 'within the intent and meaning of the conditions herein recited' may have been intended to have the same effect as if all the matters contained in the conditions had been written into the sentence descriptive of the risks, and as if the general description of the risks had been in affirmative words which would not include any of these excepted cases, and while there is logical force in the argument that the plaintiff should show affirmatively that his case comes within the terms of the policy by showing that the injury.

was not from any one of the excepted causes, we are of opinion that practically, and under the general rules of pleading, it is better to hold that the plaintiff is not bound to allege or prove that his is not one of the cases to which the insurance does not apply. These cases, in whatever language they may be stated, are in the nature of exceptions under an affirmation previously stated in general terms." The words "except as herein provided" in the policy now under consideration did not make the exceptions contained in the "Hazards not covered" clause a part of the insuring clause, and the burden of proving that the break in the plaintiff's sprinkler system was due to a windstorm was upon the defendant. *Coburn* v. *Travelers' Ins. Co.* 145 Mass. 226. *Garcelon* v. *Commercial Travellers' Eastern Accident Association,* 195 Mass. 531. *Nichols* v. *Commercial Travellers' Eastern Accident Association,* 221 Mass. 540.

The general rule governing the pleading and proof of exceptions is that the Commonwealth must allege and prove, in a prosecution for the violation of a statute, that the conduct of the defendant did not come within any exception contained in the enacting clause of the statute, and that a plaintiff seeking to recover for breach of a duty or obligation created by a general clause of a contract, which also contains an exception descriptively limiting such duty or obligation, must allege and prove that his cause of action is within the contract and outside the exception; but that where the exception is in another separate and distinct clause of the statute or contract defining the crime or the duty or obligation, then the burden is upon the party relying upon such an exception. *Commonwealth* v. *Hart,* 11 Cush. 130, 134. *Hughes* v. *Williams,* 229 Mass. 467, 471. *Smith* v. *Hill,* 232 Mass. 188, 193. *Ansell* v. *Boston,* 254 Mass. 208, 211, 212. *Garvey* v. *Wesson,* 258 Mass. 48, 51. *Commonwealth* v. *McKnight,* 283 Mass. 35, 40. *Sullivan* v. *Ward,* 304 Mass. 614, 615.

There is another class of cases where the exception is not stated in terms, but is mentioned in the clause of the statute defining the crime, or in the clause of the contract describing the defendant's duty or obligation by reference,

by the use of the words "except as hereinafter mentioned" or similar words, to some other subsequent or prior clause of the statute or contract or to some other statute. As regards this class of cases, it was said in *Commonwealth* v. *Hart*, 11 Cush. 130, 137, that the burden was upon the Commonwealth in the trial of the indictment or complaint, or upon the plaintiff in the trial of the action of contract, to negative such an exception. But within a year of that decision, in a prosecution for a sale of intoxicating liquor in violation of St. 1852, c. 322, § 7, it was held that it was not necessary for the Commonwealth to negative the particular exceptions appearing in this chapter even if the first section contained a general prohibition against the manufacture or sale of liquor "except as is hereinafter provided." *Commonwealth* v. *Tuttle*, 12 Cush. 502, 503. An indictment for polygamy under Gen. Sts. c. 165, § 4, which provided that one who, "having a former husband or wife living, marries another person, or continues to cohabit with such second husband or wife in this state, shall (except in the cases mentioned in the following section) be deemed guilty of polygamy," was sufficient without negativing the exceptions appearing in § 5. Speaking for the court Gray, C.J., remarked that "it appears to us to be established, by a great preponderance of authority, that, when an exception is not stated in the enacting clause otherwise than by merely referring to other provisions of the statute, it need not be negatived, unless necessary to a complete definition of the offence." *Commonwealth* v. *Jennings*, 121 Mass. 47, 51. A complaint under Pub. Sts. c. 98, § 2, for keeping open a shop upon the Lord's day need not negative the exceptions contained in the provision of said c. 98, § 2, as amended by St. 1887, c. 391, § 2, that "nothing in this section shall be held to prohibit" the retail sales of various articles, which, it is clear, permitted one to keep open his shop for the purpose of making such sales. It was held that the burden was upon the defendant to prove that he came within any of the exceptions mentioned in the amendment. *Commonwealth* v. *Shannihan*, 145 Mass. 99. The principle illustrated by these decisions has been frequently

applied in this Commonwealth. *Commonwealth* v. *Fitchburg Railroad*, 10 Allen, 189. *Commonwealth* v. *Davis*, 121 Mass. 352. *Commonwealth* v. *Byrnes*, 126 Mass. 248. *Commonwealth* v. *Towle*, 138 Mass. 490. The principle, however, has not been confined to criminal proceedings. The insurance company, in the leading case of *Western Assurance Co.* v. *J. H. Mohlman Co.* 83 Fed. 811, issued a policy "against all direct loss or damage by fire except as hereinafter provided" to an amount not exceeding a certain sum. One of the subsequent provisions of the policy provided that the insurance should immediately cease if the building or any part thereof in which the insured goods were contained should fall except as the result of fire. There was evidence that the fall preceded the fire and there was evidence pointing to the opposite conclusion. The insurer there urged, as does the defendant here, that this subsequent provision was an exception to the general liability assumed by the company in the insuring clause, and that it was for the insured to prove that his loss did not come within the terms of the exception by proving that the collapse of the building was not due to any cause other than fire. The court held that the insurer was not entitled to the benefit of the exception clause unless it proved that the fall of the building was not due to fire. This provision exempting the company from liability was not "to be construed as if it were removed from its position among the provisos, and incorporated with the clause descriptive of the subject-matter, by the mere use of the words, 'except as hereinafter provided.' To give these words such an effect would be to incorporate with the descriptive clause all the provisos as to loss caused directly or indirectly by riot or invasion, or by neglect of the insured, or by explosion or lightning . . . . The overwhelming weight of authority, as will be seen from the citations supra, is opposed to any such construction." Page 818. It is significant to note that, in reaching this conclusion with reference to the burden of proof, the court relied upon our *Coburn* and *Freeman* cases. See also *United Commercial Travelers of America* v. *Elliott*, 65 Fed. (2d) 79; *Pruitt* v. *Hardware Dealers Mutual*

*Fire Ins. Co.* 112 Fed. (2d) 140; *Rossini* v. *St. Paul Fire &
Marine Ins. Co.* 182 Cal. 415; *Judson* v. *Manhattan Fire
& Marine Ins. Co.* 243 Mich. 458; *Agricultural Ins. Co.* v.
*A. Rothblum, Inc.* 147 Misc. (N. Y.) 865. In the opinion of
a majority of the court, there was no error in instructing
the jury that the burden of proof was on the defendant to
show that the leak in the sprinkler system was caused by a
windstorm.

The defendant in the case at bar contends that the judge
should have taken judicial notice that Canton was in the
path of a windstorm which visited that section of this Com-
monwealth on the afternoon of September 21, 1938, and
that he should therefore have instructed the jury that the
force that damaged the roof of the plaintiff's warehouse was
a windstorm, as that term was used in the policy, and not
leave it to them to decide, as he did, whether the violence
that caused this damage to the roof was a windstorm. The
judge, however, giving recognition to a matter of common
knowledge, stated to the jury, "Well, all of us know what
occurred on the afternoon of that day, I guess. We have
had our individual experiences if we were out doors. Most
of us were on that afternoon." He then cautioned them
that conditions in one community might be different from
those in another and left it to them to decide whether the
break in the sprinkler system was caused by a windstorm
which he fully and adequately defined in the charge. He
then instructed them that the plaintiff could not recover if
the defendant had sustained the burden of proving that the
break was caused by a windstorm. We think the judge was
not called upon to do more or that any of the rights of the
defendant were prejudiced by the charge.

*Exceptions overruled.*