MARY M. GUSSON vs. BOSTON MUTUAL LIFE INSURANCE COMPANY.

Suffolk.    November 8, 1950. — December 7, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Insurance,* Accident insurance; Life insurance: double indemnity. *Evidence,* Presumptions and burden of proof.

In a proceeding involving the right of the beneficiary of a life insurance policy to recover double indemnity under a clause providing therefor in case of death of the insured "as the result of bodily injury . . . caused solely by external, violent and accidental means . . . provided . . . that the death . . . was not caused directly or indirectly . . . from any violation of law by the insured," the insurer had the burden of proving that the death of the insured was caused by his violation of law.

Evidence of the circumstances in which the police on a morning found a man dead of gunshot wounds in the basement of business premises where he had no right to be did not require a ruling as matter of law that his death was "caused directly or indirectly . . . from . . . violation of law" by him within a clause of an insurance policy on his life providing double indemnity in the event of accidental death if not so caused.

PETITION for a "declaratory judgment," filed in the Superior Court on November 21, 1949.

The petition contained certain allegations of fact, including an allegation that "an actual controversy has arisen," and a prayer that "the issues involved be tried to a jury." Such trial was before *Good, J.*

*E. L. Lane,* for the defendant.

*E. P. Benjamin,* for the plaintiff.

COUNIHAN, J.    This is a proceeding to determine the rights of the plaintiff as beneficiary of a policy of insurance issued by the defendant upon the life of William E. Gusson, her husband, now deceased.    The plaintiff asked that the issues involved be tried to a jury.    G. L. (Ter. Ed.) c. 231A, as inserted by St. 1945, c. 582, § 1.    The policy provided for

the payment of $1,000 to the beneficiary in case of the death of the insured, with a provision for the payment of an additional $1,000 upon proof of the death of the insured "*as the result of bodily injury . . . caused solely by external, violent and accidental means . . .* provided *. . .* that the death of the insured *was not caused directly or indirectly . . . from any violation of law by the insured*" (italics supplied).

The only contentions argued by the defendant were that at the time of his death the insured was acting in violation of law, and that such violation of law directly or indirectly caused his death. The judge submitted the following question to the jury: "Was the death of William E. Gusson caused directly or indirectly from any violation of law by said William E. Gusson?" The jury returned an answer, "No." Thereupon the judge directed the jury to return a verdict for the plaintiff in the sum of $1,983.12.

At the close of the evidence the defendant moved that the judge direct a verdict for it. The case comes here upon an exception to the denial of that motion.

At the trial the defendant admitted that there was due the plaintiff the sum of $983.12 because of the death of the insured, leaving as the only issue whether or not the plaintiff was entitled to recover an additional $1,000 upon proof that the death of the insured fell within the accidental death benefit provision. The defendant made no tender or offer of judgment in the sum of $983.12. In these circumstances the action of the judge in denying the motion for a directed verdict for the defendant was undoubtedly correct. The case was tried, however, and argued by both parties on the issue as to whether or not the conduct of the insured at the time of his death was in violation of law. We consider it on this basis.

On evidence undisputed and uncontradicted the jury could reasonably find the following: The body of the insured was found by the police on the morning of September 8, 1949, in the basement of premises at 884 Commonwealth Avenue, Brookline, occupied by Metro Distributors Inc. He was dead and his death was caused by multiple gunshot wounds

in the head, certified by the medical examiner to be homicide. Death occurred between midnight and early hours of the morning of the day on which the body was discovered. There was a hole in the wall separating this basement from the basement of adjoining premises occupied by the Beacon Sign Company. This hole was made by knocking out approximately eight cinder blocks which formed the wall. There were cases of television equipment near the body, and on top of one of the cases was a flashlight similar to ones found on the premises of the Beacon Sign Company. There was an unlocked casement window in the basement of the Beacon Sign Company. A truck owned by the insured, lettered with his name, was found on Dummer Street a short distance from a ramp leading to the premises where the body of the insured was found. The insured was not known to the manager of Metro Distributors Inc., nor was he employed by it. No permission was given him to be in its basement. The person or persons responsible for the death of the insured were never discovered by the police. No suggestion was made that the insured had committed self destruction. There was evidence that the only entrances to the basement where the body was found were by two doors, each of which was protected by the "A. D. T." protective service. There was no evidence as to whether or not any alarm was sounded by the "A. D. T." protective service.

We are of opinion that there was no error in the denial of the motion for a directed verdict.

The only matter to be considered by us is whether at the time of his death the insured was engaged in an enterprise in violation of law which would preclude recovery of the accidental death benefit under the terms of the policy.

It has been repeatedly held by this court that, in a policy worded substantially as this one is, the burden of showing that the death of the insured was within the excepted or prohibited risks of the policy is upon the defendant. In the present case, where different inferences might be drawn from the evidence, a question of fact was presented for the jury to pass upon, and the judge could not rule as matter of

law that the defendant, which had the burden of proof, was entitled to a verdict because the insured was guilty of conduct prohibited by the terms of the policy. *Nichols* v. *Commercial Travellers' Eastern Accident Association,* 221 Mass. 540, 546. *Murray* v. *Continental Ins. Co.* 313 Mass. 557, 563. The cases cited by the defendant in its brief are not pertinent. In all of them the facts warranted no other inferences than that the insured was engaged in conduct in violation of law which resulted in his death.

*Exceptions overruled.*