*Northern District*

No. 5516

**JOHN TUMBLIN**

v.

**AMERICAN INSURANCE COMPANY**

(September 22, 1961)

*Present:* Northrup, J. & Sgarzi, J.

Case tried to *Loschi, J.,* in the First District Court of Eastern Middlesex. No. 2045 — 1960.

*Sgarzi, J.* This is an action of contract to recover the value of certain personal property allegedly *lost by theft and insured* under a policy of insurance issued to the plaintiff by the defendant. The answer is a general denial, claims of negligence and breach of agreement by the plaintiff and estoppel.

By a motion to admit facts filed by the plaintiff it was made to appear that for a premium of $60. — paid by the plaintiff the defendant through a duly authorized agent issued to him a policy of insurance dated October 8, 1959, expiring October 8, 1960 covering electrical equipment, stock and tools to the value of $2000. — *against loss by theft,*

that on or about April 11, 1960 the plaintiff notified the defendant of the theft of certain property claimed to be covered by the policy, that the defendant has denied liability under the policy and has refused to indemnify the plaintiff for the alleged loss.

The policy which was introduced in evidence, contained the following statement "This policy does not insure while the property insured hereunder is located in or on the premises of the insured or in any garage or other building where any vehicle herein described is usually kept." The vehicle described in the policy was a "Devlin Utility Trailer." There was also attached to the policy a rider or endorsement reading as follows: "This policy covers against theft from unattended vehicle only when directly resulting from violent forcible entry into vehicles equipped with bodies of entirely closed construction, provided the doors and other openings of such vehicles were closed and locked when the forcible entry and theft occurred. It is agreed, however, that this company shall not be liable for loss or damage by theft by any person or persons in the assured's service or employment whether the theft occurred during hours of such service or employment or not."

*At the trial there was evidence that* the plaintiff had been an electrical contractor for 15 years, that he occupied a part of a building which he owned at 302 Main Street in Everett, containing a rear door which led to premises which he did not own. He owned

a box trailer with doors which were locked, containing certain electrical equipment, stock and tools. This trailer was kept in the rear of his premises on land owned by another without the permission of the owner but without the owner's objection. On or about April 11, 1960 the plaintiff noticed that the trailer was missing. He notified the Everett Police Department and the defendant and submitted to the defendant a list of the contents of the trailer which list was also introduced in evidence. There was further evidence that the plaintiff had six employees all of whom had keys to the trailer and that the trailer had been parked in the location from which it disappeared for about 60 days. Neither the trailer nor any of the contents have ever been recovered.

At the close of the evidence the defendant filed five requests for rulings of law, all of which were denied. The tenor of these requests was that the plaintiff could not recover (1) because there was no evidence of "violent forcible entry" into the vehicle alleged to have been stolen, (2) because it did not appear that the theft was not committed by a person in the employ of the plaintiff and (3) because the trailer was stolen from its usual parking place.

The judge found for the plaintiff in the sum of $825. — and made the following special findings: "I find that the property of the plaintiff was stolen and was insured under the terms of the policy; that the theft of the property of the plaintiff did not occur on the

premises of the plaintiff; that the theft of the plaintiff's property occurred by reason of a violent forcible entry, and that the theft was not perpetrated by a person or persons in the employ of the plaintiff; and that the trailer, containing the property of the plaintiff, was not stolen from its usual parking place."

The case is reported to this Division because the defendant claims to be aggrieved by the denial of its requests for rulings of law.

It is apparent that the special findings made by the judge were addressed to the defendant's requests for rulings of law since the facts found render the requests inapplicable. *Dangelo v. Farina,* 310 Mass. 758; *Hurley v. Ornsteen,* 311 Mass. 477; *Home Savings Bank v. Savransky,* 307 Mass. 601.

It then becomes pertinent to consider whether the findings can be supported by the evidence reported.

It is well established that in order to recover the plaintiff must sustain the burden of proving that his loss is one which came within the terms of the policy. *Shulkin v. Travelers Ind. Co.,* 267 Mass. 160; *Rosen v. Royal Ind. Co.,* 259 Mass. 194; *Murray v. Continental Ins. Co.,* 313 Mass. 557.

The plaintiff was required to prove that the insured property was stolen and that the theft resulted from violent forcible entry into a vehicle of closed construction with doors locked.

The exclusion from coverage in the event of theft while the property was on the premises of the insured or by theft committed

by servants or employees of the plaintiff imposed no burden of proof on the plaintiff but rather were elements to be proven by the defendant in order to avoid liability. *Murray v. Continental Ins. Co.,* 313 Mass. 557; *Freeman v. Travelers Ins. Co.,* 144 Mass. 572; *Coburn v. Travelers Ins. Co.,* 145 Mass. 226.

On the evidence reported the judge was not required to find that this burden was sustained. His findings that the theft did not occur on premises of the plaintiff and was not committed by persons in the employ of the plaintiff were amply supported by the evidence.

We are disturbed, however, by the finding of the judge that the theft occurred by reason of a violent forcible entry. There was no direct evidence of how the theft occurred. The plaintiff simply found that the trailer containing the insured property was missing. He reported the loss to the police and neither the trailer nor the contents have ever been found. It could be argued that since the vehicle was of closed construction and the doors securely locked the inference could be drawn that it was entered by violent and forcible means. But it would be equally reasonable to infer that the vehicle was entered by the use of a key. It is interesting to note that the theft of the vehicle itself is not covered by the policy.

In these circumstances we must conclude that the manner in which the insured articles were taken from the vehicle was wholly a matter of speculation and conjecture and an

inference that a violent and forcible entry was made in order to obtain them was not warranted by the evidence. *Hanna v. Shaw,* 244 Mass. 57; *Felch v. D'Amico,* 326 Mass. 196; *Gerstenzang v. Kennedy,* 17 Mass. App. Dec. .........., affd. 340 Mass. 174.

The plaintiff's third request should have been granted and since the granting of this request would have required a finding for the defendant, judgment is to be entered for the defendant.

Elihu Pearlman of Boston, for the Plaintiff.

J. J. Hennessy, S. O'Gorman and C. S. Walkup of Boston, for the Defendant.