John S. GURICH et al., Petitioners,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

No. 5842.

United States Court of Appeals
First Circuit.

Heard Oct. 3, 1961.

Decided Nov. 3, 1961.

Robert J. Richards, Jr., Boston, Mass., with whom C. Keefe Hurley, Carl H. Amon, Jr., and Hale & Dorr, Boston, Mass., were on the brief, for petitioners.

846

David A. Wilson, Jr., Atty., Dept. of Justice, Washington, D. C., with whom Louis F. Oberdorfer, Asst. Atty. Gen., and Lee A. Jackson, C. Guy Tadlock and Donald P. Horwitz, Attys., Dept. of Justice, Washington, D. C., were on the brief, for respondent.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

In July 1950, petitioners Bessette and Gurich (who, with their wives, are taxpayer-petitioners herein) created a voluntary declaration of trust naming themselves trustees, and conveyed to themselves certain property, principally real estate. They reserved to themselves the broadest possible powers of investment, including the right "to purchase or lease any part of the trust property or premises, any rule of equity to the contrary notwithstanding." By this last we take it they were permitted to deal individually with themselves. The beneficiaries, whose names were set forth in paragraph 11 with their respective percentage interests, were all members, adult and minor, of petitioners' families. Paragraph 10 provided,

"10. This trust shall continue for a period of ten (10) years from this date, but the Trustees hereunder may at any time terminate the trust provided, however, that all beneficiaries, hereunder, of full age, within thirty (30) days from the giving of notice to them by the Trustees to that effect, shall approve such termination."

The trust also contained a power to amend.

"9. The trustees may at any time alter, amend, change or modify or otherwise change the terms hereof, the same to take effect upon recording of an instrument setting forth alteration, amendment, change or modification in the Registry of Deeds where the instrument is recorded, and thereupon the Trustees shall hold the trust premises and/or property upon the terms, trusts, and conditions, herein contained as altered, amended, changed or modified by such instruments."

In 1956 the Internal Revenue Service notified petitioners that because of their powers, including the power to amend, the entire income of the trust was taxable to them as grantors. Petitioners then discovered that by a scrivener's error there had been omitted from paragraph 9, after the phrase "change the terms hereof," the phrase "other than Paragraph 10 hereof." They accordingly amended the trust to make this insertion. Thereafter the Commissioner notified petitioners of an income tax deficiency for the years 1952–1955. Petitioners then informed the beneficiaries that they proposed to amend the trust so as to name themselves the sole beneficiaries and thereafter dispose of the trust property to their own use. One of the adult beneficiaries thereupon brought proceedings in the probate court against petitioners, properly naming all of the other beneficiaries as respondents, reciting the scrivener's omission from paragraph 10, and alleging that paragraph 10 was the only paragraph which permitted the trustees to "interfere with the rights of the beneficiaries to share in the trust fund, or to terminate said trust," and that "nowhere in said trust instrument are [petitioners] granted authority as trustees to amend said trust instrument so as to name themselves as sole beneficiaries thereof." The relief requested, *inter alia*, was that the scrivener's error be corrected, and that it be determined that petitioners had no power to alter or amend the trust instrument so as to "affect the status of the petitioner as beneficiary thereunder." A court hearing was held, apparently contested in some degree by petitioners, at which testimony was taken. What this testimony was does not appear. Thereafter the court entered a decree "reforming" the trust by making the requested insertion in paragraph 9, and further ordering that "under paragraph ten of said instrument said

trustees, have no authority to change the names, numbers or percentage interest of the beneficiaries of said trust from those set forth as of July 3, 1950, except with written consent of all beneficiaries over the age of 21 years."

The government contends that no change made by the probate court could retroactively affect the tax liability of petitioners for the tax years already accrued, but that even if the decree were to be recognized, the income was still taxable to petitioners. The Tax Court proceeded along the second road. It stated that the reformation of paragraph 9 merely affected the right to "alter, amend or change the provisions for termination of the trust. More specifically, the court decreed that paragraph 10 might not be used by petitioners to divest existing beneficiaries of their designations as such or their stated percentages of interest in trust property or income.¹ The decree is, however, silent as to any other provision of the instrument * * *. Even after its reformation, paragraph 9 of the trust instrument still permits the petitioners by alteration, amendment or change of the trust instrument to constitute themselves the sole and only adult beneficiaries. Having done so, the only remaining step required by paragraph 10 which need be taken by them to terminate the trust is to agree with themselves to so terminate it."

██ Unless this was at least in part correct, or unless the decree is not to be given retroactive effect, cf. Van Vlaanderen v. Commissioner, 3 Cir., 1949, 175 F.2d 389; Daine v. Commissioner, 2 Cir., 1948, 168 F.2d 449, 4 A.L.R.2d 248; Eisenberg v. Commissioner, 3 Cir., 1947, 161 F.2d 506, cert. den. 332 U.S. 767, 68 S.Ct. 76, 92 L.Ed. 352, a question we do not reach, we could not support the Tax Court's decision of taxability. If the petitioners can neither terminate the trust, nor change the interests of the beneficiaries in any respect, we do not agree

with the government that a power to amend the instrument in other particulars could be construed as a non-fiduciary power, meaning one exercisable "for the benefit or aggrandizement of the trustee personally." United States v. Morss, 1 Cir., 1947, 159 F.2d 142, 146. Specifically, it could not be used to permit petitioners to enlarge their power to deal with the trust to permit dealing for less than adequate and full consideration, or otherwise to the detriment of the beneficiaries, which power, if it existed, would impose the tax under section 675 of the 1954 Code, 26 U.S.C.A. § 675, and Treasury Regulation 118, § 39.22(a)-21(e), of the 1939 Code. There is a presumption that trustee powers are not to be so construed. Laganas v. Commissioner, 1 Cir., 1960, 281 F.2d 731; Treas. Reg. § 1.675-1(c) (1956). This is the very essence of the trust relationship. We have no desire to change our long-held view opposed to cases such as Shapero v. Commissioner, 6 Cir., 1948, 165 F.2d 811, cited by the government.² Even if a trust provides in general terms that the trustees may deal with the trust property in the same manner as if they were the owners, it does not mean that they are not subject to the usual trustee obligations and limitations. Davis, Appellant, 1903, 183 Mass. 499, 67 N.E. 604; cf. Commissioner of Internal Revenue v. Branch, 1 Cir., 1940, 114 F.2d 985, 132 A.L.R. 839; United States v. Morss, supra.

We do not find the interpretation of the probate decree as easy as apparently did the Tax Court, for we view as troublesome the statement in the decree "that under paragraph ten of said instrument said trustees have no authority to change * * * the beneficiaries * * *." At the same time, we find it difficult to accept the suggestion that only paragraph 10 permitted the trustees to change the interests of the beneficiaries, if by that was meant interests in income as well as principal. Paragraph 10 unambiguously re-

---

1. As hereinafter pointed out, the decree does not in fact use the word "income."

2. Indeed, we think the cited regulation makes the government's reliance upon this case inappropriate.

lates to, and only to, termination of the trust. Possibly it relates by indirection to the beneficiaries' interests in principal on termination. But the only paragraph which in terms relates to the beneficiaries' interests is 11, not 10. If the general power to amend reserved by paragraph 9 was not intended to apply to paragraph 11 in any respect, there should have been some stated exception with regard thereto, not simply a reservation as to paragraph 10. In the instrument paragraph 10 and paragraph 11 are separate and distinct. Furthermore, conceptually there is a difference between requiring the consent of the beneficiaries to the termination of the trust, and being able to change the beneficiaries themselves without their consent. This was a family trust. It is not to be supposed that petitioners were going to change beneficiaries capriciously. Different considerations apply to deciding the time of distribution, and to choosing beneficiaries. And different considerations, also, may apply as to who are to be remaindermen on distribution, and who are to receive the income prior thereto.

Possibly the probate court may have had these same apprehensions and reservations. In any event, we note that the decree makes no specific mention of income, but merely recites that the trustees have no power "under paragraph ten" to change the interests of the beneficiaries. It is silent as to what those interests are, or the extent that they may be affected by other paragraphs, as to which the decree preserves unfettered the trustees' power to amend.

 The trust, as "reformed," is not happily drawn. It is, however, clear that in many respects the petitioners, as grantors, reserved a general power to amend. The burden of showing the extent to which this power was restricted by exceptions, whether by some other provisions in the instrument, or by court decree is upon them. Cf. Davies Flying Service v. United States, 6 Cir., 1954, 216 F.2d 104; Murray v. Continental Ins. Co., 1943, 313 Mass. 557, 48 N.E.2d 145.

They have not met it, at least so far as altering income payments are concerned. We need not further consider the decision of the Tax Court that there was nothing in the decree which would prevent petitioners from naming themselves remaindermen and terminating the trust forthwith. The right to vary income is enough. Laganas v. Commissioner, 1 Cir., 1960, 281 F.2d 731.

Affirmed.