FLORENCE K. SCHARFENSTEIN *vs.* NEW YORK LIFE INSURANCE COMPANY (and a companion case [1] ). December 4, 1967. The issue in these actions for double indemnity life insurance, in which the defendants had verdicts, was whether the insured, killed in a helicopter crash, along with the other two occupants of the craft, was at the time participating in "aviation training," an excepted activity under the double indemnity provisions. The only evidence came from the plaintiff and showed that the insured was an officer in the Coast Guard and a trained and qualified helicopter pilot, and that, seventeen minutes before the crash, he had embarked on the fatal flight with another officer and a crewman to take a test of his continued ability to fly the machine under instrument control. The judge charged that training means "to maintain and to improve the efficiency of a person." He also charged that the only issue was whether the insured came within the enumerated categories — to be decided on a fair appraisal of the evidence. At the close of the charge the plaintiff, not having submitted requests, took exception to the instructions that in these contract actions the burden of proof on all issues was on the plaintiff. Counsel referred to *Gusson* v. *Boston Mut. Life Ins. Co.* 326 Mass. 571. Burden of proof would have been important to take the cases to the jury, but in the circumstances, regardless of who had the burden of proof, the plaintiff shows no prejudice warranting new trials. The flight, within the definition given, was a training flight even if the actual test had not begun, and even if the insured at the time of the crash was not piloting the craft. True, if the burden had been on the defendants, the jury conceivably might have disregarded the plaintiff's impressive evidence as to the nature of the flight given by the Coast Guard captain who with others had investigated the crash, and credited only the death certificate which stated " . . . crash of helicopter . . . . Accident." But verdicts for the plaintiff would have been greatly against the weight of the evidence and, as such, reasonably subject to motions to set them aside. See *Salem Trust Co.* v. *Deery*, 289 Mass. 431, 433 (discussion and cases cited). These emphatically are not cases for a review and restatement of the rule as to burden of proof in respect of exceptions in insurance policies. We note, however, that the provisions in the New York Life policy resemble those before the court in *Gorski* v. *New York Life Ins. Co.* 315 Mass. 17, 18–19, where the burden was held to be on the plaintiff, and that the provisions in the Prudential policy are in some respects similar.

*Exceptions overruled.*

*W. Bradley Ryan* for the plaintiff.
*James C. Heigham* for New York Life Insurance Company.
*Earle C. Cooley* for The Prudential Insurance Company of America.

---

[1] The companion case is Florence K. Scharfenstein *vs.* The Prudential Insurance Company of America.