Doerfer, J.
Background
Aerovox, a manufacturer of electrical capacitors at a plant located in New Bedford, entered into a contract of liability insurance with Highlands Insurance Company (“Highlands”) that provided excess coverage for the period of March 1, 1980 through March 1, 1981. The Re-Solve, Inc. site, a former waste chemical reclamation facility, is located in North Dartmouth, Massachusetts.
Re-Solve operated the site for 24 years, from 1956 to 1980. In May 1983, the EPA identified Aerovox as a generator of wastes on the Site, alleging that Aerovox had over a period of years contributed waste to the Site. The EPA alleged the contamination occurred as a result of operations including: disposal of wastes in on-site lagoons, where the contents were periodically burned; disposal of oil waste; and discharge of water from the distillation tower. In early 1988, Aerovox agreed to pay 2.368% of the response costs and now is seeking indemnification from Highlands. Highlands argues that summary judgment should be granted on its declaratory judgment action because the policy excludes coverage for pollution and the acts in question do not fall within the “sudden and accidental” exception to the pollution exclusion clause.
A. Under Massachusetts law, the insured bears the burden of proving that the acts in question fall within the “sudden and accidental” exception to the pollution exclusion clause.
The Supreme Judicial Court has never definitively ruled on whether the insured or the insurer bears the burden of proving that an act falls within the “sudden and accidental” exception to a pollution exclusion clause. See Polaroid Corp. v. Travelers Indem. Co., 414 Mass. 747, 753 n.7 (1993) (explicitly not deciding whether the insurer or the insured has the burden of proof on the question of the sudden and accidental nature of any discharge).
Aerovox argues that this court must apply the law.of Murray v. Continental, 313 Mass. 557 (1943), which held that the burden is on the insurance company to prove an exclusion applies when there is conflicting evidence as to whether damage falls within the exclusion. Murray, 313 Mass, at 560. However, Murray v. Continental dealt solely with the burden of the insurer to prove that an exclusion applies, and did not discuss the insurer’s burden of proving that an exception to an exclusion clause applies. Id. Other courts construing the “sudden and accidental” exception to poEution exclusion clauses have appEed the well recognized principle that while the insurer does indeed bear the burden of proving the initial applicabiHiy of the exclusion, the burden of proving that the claim falls within an exception to the exclusion rests with the insured. See A. Johnson & Co. v. Aetna Casualty & Sur. Co., 933 F.2d 66, 75 (1st Cir. 1991); Covenant Insurance Co. v. Friday Engineering, Inc., 742 F.Supp. 708, 711 (D.Mass. 1990); see e.g. Fireman’s Fund Insurance Co’s v. Ex-Cell-O, 702 F.Supp. 1317, 1328 (E.D. Mich. 1988); Fischer & Porter Co. v. Liberty Mutual Insurance Co., 656 F.Supp. 132, 140 (E.D.Pa. 1986); 19 Couch, Couch on Insurance §79:385 (2d ed. 1983).
Aerovox argues that decisions which apply another state’s law have no bearing in determining the burden of proof issue in this case. However, because Massachusetts has not ruled on this question previously, the decisions of other courts considering factually analo *214 gous policy provisions are persuasive. Moreover, in Covenant Insurance Co. v. Friday Engineering, the federal district court for the District of Massachusetts held, while applying Massachusetts law, that the burden falls on the insured to establish that the releases in question come within the “sudden and accidental” exception to the pollution exclusion. Covenant Insurance Co., 742 F.Supp. at 711. Finally, from a policy standpoint, requiring the insurance company to prove that there were absolutely no “sudden and accidental” releases within a period of twenty-four years is far more onerous than requiring the company charged by the EPA as a polluter to allege that one or more releases was “sudden and accidental.” Therefore, both the applicable case law and questions of fundamental fairness leads this court to follow the well reasoned principle that while the insurer bears the burden of proving the initial applicability of the exclusion, the burden of proving the claim falls within an exception to the exclusion rests with the insured.
B. While Aerovox bears the burden of proving that releases at the Re-Solve site were “sudden and accidental” and, thus excepted under the pollution exclusion clause, Aerovox is permitted an opportunity to submit evidence on the occurrence of a fire which allegedly contributed to the pollution.
Aerovox submits a deposition from a Re-Solve employee who describes a serious fire in the 1950s which destroyed the Re-Solve recycling facility and damaged storage drums, along with releasing pollutants. (Opposition ¶6, Exhibit J.) The existence of this fire was recognized by Magistrate Judge Ponsor in Holyoke Card and Paper Company v. Aetna Casualty and Surety Company, No. 89-30253-F (D.Mass., April 15, 1992), who stated that the record before him “confirm[ed] a fire .. . which may well have caused contamination, releases due to spillage, and contamination caused by overflows from the lagoons and waste pits.” Id., Slip op. at 17. While pollution resulting from the fire would fall within the “sudden and accidental” exception to the pollution exclusion clause, Aerovox has not satisfactorily demonstrated a causal relationship between the fire and the pollution needed to charge Highlands with liability. However, because Aerovox was confused as to its burden of proof and did not have precedential guidance on the issue, the court will defer in its decision to grant summary judgment for Highlands on the issue of its liability. Aerovox will be permitted to submit evidence by way of supplemental affidavits within 90 days on the fire and its causal relationship to the pollution with which Aerovox has been charged.
C. The absolute oil exclusion clause is not applicable in this case because Highland has not offered evidence that releases from the Re-Solve site entered into a body of water.
Highlands argues that even if summary judgment is found to be inappropriate under the “sudden and accidental” pollution exclusion, Highlands is entitled to judgment as a matter of law under the absolute oil exclusion in its policy. However, as Aerovox asserts, the absolute oil exclusion applies only to releases of “oil or other petroleum substance or derivative ... into or upon any watercourse or body of water." (Emphasis added.) While the ROD summary listed the disposal of oil waste as a likely cause of contamination, there is no mention of a release into water, and Highlands does not attempt to address this shortcoming. Thus, on its face, the absolute oil exclusion does not entitle Highlands to summary judgment as a matter of law.
ORDER
For the aforementioned reasons, it is hereby ORDERED that the Plaintiffs Motion for Summary Judgment be DENIED at this point. The Defendant is permitted to submit evidence by way of supplemental affidavits within 90 days regarding the fire and its causal relationship to the pollution. Upon the Defendant’s failure to submit such evidence, the Plaintiffs Motion for Summary Judgment will be GRANTED.