GILBERT ROSEN *vs.* ROYAL INDEMNITY COMPANY.

Suffolk.   January 13, 1927. — April 6, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Insurance*, Against loss by theft.   *Evidence*, Matter of conjecture.

No recovery can be had at the trial of an action of contract upon a policy of insurance indemnifying the plaintiff against loss by burglary, larceny, or theft, "committed by any person whose property is not covered hereunder," of jewelry in the plaintiff's dwelling house "belonging to the Insured or any permanent member of the household of the Insured who does not pay board or rent, or to a relative of the Insured permanently residing with him," but not including "such articles owned by domestic servants or other employees," if the evidence leaves it a matter of conjecture whether the theft, if committed, was committed by children of the insured, by employees, or by others, who were in and out of the room where the stolen article was, the burden being upon the plaintiff to prove not only that the article was stolen, but also that it was stolen by some person for whose larceny the defendant would be liable under the policy.

CONTRACT upon a policy of insurance indemnifying the plaintiff for "all loss by burglary, larceny, or theft of property [described in the opinion] from within the interior of the premises [occupied by him as a dwelling] committed by any person whose property is not covered hereunder." Writ dated July 3, 1924.

In the Superior Court, the action was tried before *Raymond*, J. Material evidence is described in the opinion. The plaintiff's wife was the only witness called by the plaintiff. For the defendant, the chauffeur and the wife's maid, referred to in the opinion, were called. The chauffeur was interrogated only with regard to the journey to the

department store after the ring was missed; the maid was asked as to the conversation with the plaintiff's wife after she returned from the department store, and also testified that that was the first that she had heard about the ring. No child of the plaintiff, and none of the men who were in the kitchen as stated in the opinion, were called.

At the close of the evidence, by order of the judge, a verdict was entered for the defendant, and the judge reported the action to this court, with the stipulation that, if the case should have been submitted to the jury, judgment should be entered for the plaintiff in the sum of $2,500; otherwise judgment should be entered on the verdict.

*H. Goldkrand,* for the plaintiff.

*E. J. Sullivan,* for the defendant.

SANDERSON, J.    This is an action of contract to recover damages under a policy insuring against burglary, theft and larceny, for the alleged loss by theft of a diamond ring, the property of the plaintiff's wife.    The judge who presided at the trial allowed a motion of the defendant for a directed verdict with a stipulation that, if the case should have been submitted to the jury, judgment is to be entered for the plaintiff in a stated sum; otherwise judgment is to be entered on the verdict.

The policy covers jewelry and other articles, designated in a schedule annexed, "belonging to the Insured or any permanent member of the household of the Insured who does not pay board or rent, or to a relative of the Insured permanently residing with him, but shall not include such articles owned by domestic servants or other employes."

The evidence tended to show that Mrs. Rosen returned to her home late in the evening on January 3, 1924, placed the ring in her hand bag with other jewelry, and then put the bag in a closet in her chamber.    The next morning she put it in a drawer in a cabinet in the kitchen where groceries were kept.    About 3:30 in the afternoon when preparing to leave the house, she opened the bag and discovered that the ring was missing, although the other jewelry was there. Her family consisted of four children and her husband; and she had in her employ a maid and a chauffeur.    On the

morning of January 4, she prepared breakfast for her husband and children and sent the children to school. While the plaintiff was at breakfast three men came in to see him. During the morning three other men who were working in the sewer department near by came into the kitchen for water. There was also evidence that when Mrs. Rosen left the house in the afternoon of that day, she went in her automobile to a store in Boston and on this trip stated to her chauffeur that she had left her rings at home and asked him if he thought with the maid at home they would be safe until she got back. When she reached home the maid, upon being asked whether she had seen the ring, replied that she had not. The same evening the loss of the ring was reported to the police. A few days later she applied to the lost and found department of certain dry goods stores to ascertain if the ring had been found.

The policy did not protect against theft by any person whose property was covered by it. The burden was on the plaintiff to prove not only that the ring was stolen but also that it was stolen by some person for whose larceny the defendant would be liable under the policy. The defendant contends that the evidence is insufficient to establish burglary or theft, and that, if theft is shown, the evidence does not exclude the commission of the crime by some one of the parties for whose act the policy gives no protection. Mrs. Rosen testified that during the morning her children, chauffeur and maid had occasion to go to the cabinet for things there. There is no evidence that any one else went to it. If the ring were taken from the bag while in that cabinet, it is a matter of conjecture whether some one of these persons, and if so which one, took it. If it be assumed that the jury would have been warranted in finding that the ring was stolen, still the evidence fails to show that it was taken by a person for whose theft the defendant would be responsible.

*Judgment on the verdict.*