JAMES RICH *vs.* UNITED MUTUAL FIRE INSURANCE COMPANY.

Suffolk.    October 3, 1951. — November 29, 1951.

Present: QUA, C.J., WILKINS, SPALDING, & WILLIAMS, JJ.

*Insurance,* Against damage to motor vehicle.    *Words,* "Theft," "Vandalism."

At the trial of an action of contract upon a policy of insurance indemnifying the plaintiff against loss resulting from damage to his automobile caused by "theft" or "vandalism," evidence, although warranting a finding that a human force had caused his automobile to move down a hill from a place where he had parked it to a place where he later found it in a damaged condition against a tree, left it a matter of conjecture whether such force was applied by a thief or a vandal, and there was no error in directing a verdict for the defendant.

CONTRACT.    Writ in the Superior Court dated May 26, 1948.

The action was tried before *O'Connell,* J., who ordered a verdict for the defendant and reported the action.

*J. B. Abrams,* for the plaintiff.

*P. W. Fager,* for the defendant.

WILLIAMS, J.    This is an action of contract on an insurance policy to recover the amount of loss resulting from damage to the plaintiff's automobile. There was evidence that on Sunday, November 23, 1947, the plaintiff parked his automobile at about 8 A.M. in front of his house on Mon-

tebello Road, Jamaica Plain. The automobile was headed downgrade with its left front wheel "turned in as far as he [the plaintiff] could turn it" up against the curb and with the emergency brake "pulled up tight." The automobile was in the same position two hours later at ten o'clock. The plaintiff, who was in his house, "heard the ordinary street noises with kids playing around the street there." At about ten thirty o'clock he heard "a door slam" and in two or three minutes was told by a young boy that the automobile was at the bottom of the hill "smashed against a tree." The automobile was found in a damaged condition down the hill with the brake on and against a tree some three hundred feet from where it had been parked.

The plaintiff was insured by a policy issued by the defendant containing a clause entitled "Coverage C" wherein the defendant agreed to pay for loss of or damage to the automobile "except loss caused by collision of the automobile with another object." It was provided that "loss caused by . . . theft . . . [or] vandalism . . . shall not be deemed loss caused by collision . . . ."

To prove that the damage to the automobile came within the coverage of the policy, the burden was on the plaintiff to show that the collision with the tree was caused by theft or vandalism. *Rosen* v. *Royal Indemnity Co.* 259 Mass. 194. *Murray* v. *Continental Ins. Co.* 313 Mass. 557, 561.

The words "theft" and "vandalism" as used in the policy are to be given the "meaning attributed to them in common use." *Bloom* v. *Ohio Farmers Ins. Co.* 255 Mass. 528, 530. *Farnum* v. *Bankers & Shippers Ins. Co.* 281 Mass. 364. It is settled that theft means the taking and carrying away of the personal property of another with the intent unlawfully to deprive that other permanently of the use of it. *Commonwealth* v. *Adams,* 7 Gray, 43, 45. *Commonwealth* v. *Mason,* 105 Mass. 163, 167. *Green* v. *Commonwealth,* 111 Mass. 417, 419. *Commonwealth* v. *Kozlowsky,* 238 Mass. 379, 383. Wharton's Criminal Law (12th ed.) § 1097. Bishop, Criminal Law (9th ed.) § 566. May's Criminal Law (4th ed.) § 217. Vandalism is a term of less definite

meaning. Originally it meant the barbaric and ruthless destroying or spoiling of something venerable, artistic, or beautiful. As used in the policy in question which insures against damage to the automobile we think the term refers to such wanton and malicious acts as are intended to damage or destroy the property insured. See *De Agostina* v. *Holmden*, 157 Misc. (N. Y.) 819, 826. Such are acts similar to those which according to criminal law are punishable as malicious mischief. *Commonwealth* v. *Walden*, 3 Cush. 558, 561. *Commonwealth* v. *Williams*, 110 Mass. 401. *Commonwealth* v. *Goodwin*, 122 Mass. 19, 35. *Commonwealth* v. *Hosman*, 257 Mass. 379. G. L. (Ter. Ed.) c. 266, §§ 94–138.

The evidence in the instant case would not warrant a finding by the jury that the plaintiff's automobile was caused to collide with the tree by reason of either theft or vandalism. It could be found that the automobile had been caused to move from its position by reason of human intervention. But there was no greater probability that the force which caused the automobile to move was applied intentionally by a thief or vandal than, for example, by some negligent act of the operator of another automobile or the act of a child in play. The evidence leaves the cause of the impulse to the automobile a matter of speculation, conjecture, and surmise. Compare *Kansas City Regal Auto Co.* v. *Old Colony Ins. Co.* 187 Mo. App. 514; *Clark* v. *Fidelity & Guaranty Fire Corp.* 39 N. Y. Sup. (2d) 377; *Shahin* v. *Niagara Fire Ins. Co.* 265 App. Div. (N. Y.) 397; *Chepakoff* v. *National Ben Franklin Fire Ins. Co.* 97 Misc. (N. Y.) 330; *Matthews* v. *Shelby Mutual Plate Glass & Casualty Co.* 46 N. E. (2d) 473 (Ohio). In our opinion there was no error in directing a verdict for the defendant.

*Judgment on the verdict.*