Donovan, J.
This is an action pursuant to M.G.L.c. 176D and 93A for breach of an automobile insurance policy issued by the plaintiff, and for conversion of the insured vehicle. The plaintiff seeks to recover the value of his car at the time it is alleged to have been stolen, in addition to treble damages and attorneys’ fees under M.G.L.c. 93A.
At trial, there was evidence tending to show the following:
On or about July 9, 1980, the defendant insured the plaintiffs 1979 Chevrolet Caprice under a policy that included comprehensive, fire and theft coverage. The following month, on August 21, 1980, the plaintiff parked his car in a lot behind a restaurant that he owned in Salem, Massachusetts. At that time, the car was locked and the gear shift was placed in the park position.
That evening, the plaintiff called his mother to tell her he would be going to his partner, Paul Kelly’s house after the restaurant closed. At2:00 a.m., the plaintiff drove Mr. Kelly home in Mr. Kelly’s car because his partner was too tired to drive himself. Although he intended for Mr. Kelly to drive him back to the restaurant later, the plaintiff slept at Mr. Kelly’s house.
. The next morning, the plaintiffs sister called the plaintiff at Mr. Kelly’s house concerning the location of his car, in order that she could remove some beach chairs from the trunk of the car. However, when she went to the lot where the car was parked with a duplicate trunk/door key, she was unable to locate the car. She subsequently called her brother back, who asked her to call the Salem Police. When it was determined that the car was indeed missing, the plaintiff reported the vehicle stolen to the Salem Police Department and the defendant.
In filing his claim with the defendant, the plaintiff followed normal procedure in submitting all the necessary forms and attending an interview taken by the defendant. At this time, the plaintiff produced and stated that he owned one ignition key and two door/trunk keys to the automobile. The defendant made an offer to the plaintiff prior to September 25,1980 after completing its investigation of the incident. The value of the car on or about August 21, 1980 was between $5,500.00 and $6,500.00.
On or about September 25; 1980, the plaintiff’s vandalized car was discovered *239 in Burlington, Mass., where it had not been located for more than 2 or 3 days. The defendant towed the car to its facility in Millis, where it was thoroughly inspected. It was found that the rear door displayed evidence of a forced entry, and that the car’s gears were still in park. Moreover, the car’s tires had been replaced with worn tires and the car had been stripped. However, no signs of marks or damage appeared on the ignition of the steering column lock cylinder after an extensive examination with a scope and X-ray machine. An expert testified that any attempt to force the ignition and steering column lock or to operate it without a key would have left marks on the lock’s interior. Similarly, the car’s automotive transmission or steering mechanism could not have been operated without the use of force or a key.
The automobile could only have been moved through towing or with the use of the original key, a copy of the original key, or a master key.
Upon completion of the examination, the defendant refused to honor the plaintiff’s claim based on the fact that the ignition had not been tampered with and that the plaintiff was the sole possessor of the car’s ignition key. This finding was made despite the existence of statistics which indicate that in 15 percent of all car thefts there is no evidence of ignition tampering.
The plaintiff neither inspected the car himself nor removed anything from it at. anytime. On December 18,1980, counsel for the plaintiff sent a demand letter to the defendant pursuant to M.G.L.c. 93 A. The defendant, in response, offered no settlement and the present suit was instituted.
The court found for the defendant on all 4 counts.[1] The plaintiff appeals, claiming to be aggrieved by the following rulings:
1. Upon all the evidence a finding for the plaintiff is required.
COURT: Denied.
2. Upon all the evidence a finding for the plaintiff is warranted.
COURT: Granted, but I do not so find.
4. Upon all the evidence a finding against the defendant is required.
COURT: Denied. Furthermore, I find for the defendant on Counts I-IV.
5. If the court finds that the defendant: (a) failed to effectuate a prompt, fair and equitable settlement of a claim in which liability has become reasonably clear; or (b) compelled the plaintiff to institute litigation to recover amounts due under his insurance policy by offering substantially less than the amounts ultimately recovered in the action brought by the plaintiff, then as a matter of law the defendant has committed an unfairclaim settlement practice, M.G.L.c. 176D, §3(9).
COURT: Granted, but I do not so find that liability was clear.
6. If the court finds that the defendant engaged in conduct defined in M.G.L.c. 176D as an unfair claim settlement practice, then the court must find that the defendant violated M.G.L.c. 93A. M.G.L.c. 93A, §§ 2 and 9 (1); Noyes v. Quincy Mutual Fire Insurance Co. 389 N.E. 2d 1046 (App. Ct. 1979).
COURT: Granted, but 1 do not so find.
7. If the court finds the defendant engaged in an unfair or deceptive act or practice then the court must find the defendant violated M.G.L.c. 93A.
COURT: Granted, but I do not so find.
*240 8. If the court finds the defendant violated M.G.L.c. 93A then it must award plaintiff its actual damages and reasonable attorneys fees, M.G.L. chapter 93A, section 9(4).
COURT: Granted as a correct statement of law but it is not applicable as the court does not find that the defendant acted in violation of M.G.L.c. 93A.
9. If the court finds that the defendant’s use or employment of the unfair and deceptive act or practice was a willful or knowing violation of M.G.L.c. 93A or that the refusal to grant relief upon receipt of the c. 93 A demand letter was made in bad faith and with knowledge or reason to know that the act or practice complained of was in violation of M.G.L.c. 93A, then the court must award damages of up to three but not less than two times the plaintiffs actual damages, plus attorneys’ fees. M.G.L. chapter 93A, section 9(3).
COURT: Granted as a correct statement of law, but I find as a fact that the defendant did not engage in an unfair or deceptive act or practice.
13. If the court finds the defendant unreasonably failed to pay plaintiff his loss then the court must find the defendant breached its contract with plaintiff.
COURT: Granted, but I find that the defendant had ample reason not to pay the plaintiffs claim.
The court affirms the judgment for the defendant for the reasons stated below.
The plaintiff testified that he had left his car locked with the gear shift in the “park” position. Testimony concerning the type of lock, transmission and steering column lock establishes that the vehicle could not have been moved out of “park” nor could the steering wheel have been turned without the operation of the ignition lock either by force or the use of a key.- Examination of the lock cylinder with both a borescope and an x-ray revealed that there was no damage or marks on the interior of the lock, which would have been present if any attempt had been made to operate the lock without a key. Hence, the car could only have been moved by towing, or with the use of a key. The plaintiff stated that he had the only keys to the vehicle. Cars of the model involved here, purchased new as was this one, ordinarily come with two ignition keys and two door/trunk keys. However, when requested by an investigator for the insurer to produce his keys, the plaintiff Guanci produced only one ignition key and two door/trunk keys and stated that those were the only keys he had ever had.
From these facts, the trial judge was justified in concluding that the car would have to have been moved at least twice, once when it was stolen and again when it was moved to Burlington, Massachusetts where it was found on September 25, 1980 more than a month after the alleged theft. This is so because the car was not at the Burlington, Massachusetts location for more than 2 or 3 days.
It is well established that a reviewing court must give due weight to the ability of the trial court to judge the credibility of all evidence. In accordance, Dist./ Mun. Cts. R. Civ. P., Rule 52(a) states that findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. Similarly, ajudge’s decision should not be set aside unless as a matter of law it cannot be supported upon a reasonable view of the evidence. Reynolds v. Owen, 328 Mass. 451, 452 (1952).
In order for the plaintiff to prevail under each count, he would have to have shown by a preponderance of the credible evidence, among other things, that the car had been stolen. The burden of proof remained with the plaintiff.
*241 The case under consideration is one dependent greatly on the credibility of the plaintiff. The trial justice is the sole and exclusive judge of the credibility of the witnesses before him. He has the best opportunity to observe and judge the appearance and demeanor of the witnesses coming before him. The trial judge was not bound to believe the testimony of the plaintiff. As indicated by his finding, the plaintiff failed to persuade the trial judge. As is evidence from his finding the trial judge did not credit the plaintiff’s account of the events. The plaintiff failed to carry his burden of persuasion. There was no error of law.
Thus, the court was justified in holding that the defendant did not act in violation of M.G.L.c. 176D. For similar reasons, the court’s decision in favor of the defendant on Counts I, II and IV should also be upheld, and the court’s rulings on plaintiff’s requests numbered 2, 5, 6, 7, 8, 9 and 13 are not in error. Also, the trial court’s decision in favor of the defendant on Counts III and IV should be upheld as the plaintiff did not establish that the defendant was unreasonable in not paying the claim under the terms of the contract.
In addition, the court was correct in its finding with respect to requests numbered 1 and 4. It is an insured’s duty to establish that the incident on whieh his claim is based falls within the coverage of his policy. New England Gas & Electric Assoc. v. Ocean Accident & Guarantee Corp., Ltd., 330 Mass. 640, 650 (1953). Consequently, because the evidence is mainly oral, the plaintiff in this case is not entitled to a ruling that a finding for the plaintiff is required upon all the evidence. Hoffman v. Chelsea, 315 Mass. 54, 56 (1943). Furthermore, he is also not entitled to request #4, which states that “upon all the evidence a finding against the defendant is required.” Since the trial judge was not bound by any of the evidence and the decision was. highly dependent on his assessment of the credibility of the evidence a finding for the plaintiff was not required.
There is no error. The action of the trial judge is affirmed and the. report is hereby dismissed.
Report dismissed.

 Counts I and II allege breachof contract and conversion, respectively. Count III is a claim for violation of M.G.L.c. 176D, and Count IV is a claim for violation of M.G.L.c. 93A.