DEBORAH MCGINNIS vs. AETNA LIFE & CASUALTY CO.

Hampshire.   May 7, 1986. — July 10, 1986.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Evidence,* Presumptions and burden of proof, Inference, Failure to produce evidence. *Practice, Civil,* Findings by judge.

At the trial of an action by an insured seeking recovery from an insurance company on a policy insuring her against theft of her automobile, during which the defendant contended that the plaintiff had procured the theft of her automobile and its destruction by fire, it was appropriate for the judge, as trier of fact, to rule that an inference against the plaintiff could be drawn because of her failure to testify explicitly that she had not done so. [38-39]

CIVIL ACTION commenced in the Superior Court Department on June 22, 1982.

The case was heard by *John F. Moriarty, J.*

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Donald L. Graham* for the plaintiff.

*James M. Rabbitt* for the defendant.

WILKINS, J. The plaintiff claimed that her motor vehicle which the police found destroyed by fire, had been stolen. The defendant had insured the vehicle against loss by theft but denied coverage on the ground that the plaintiff had intentionally procured the loss.

A judge of the Superior Court sitting without a jury concluded that the insurer had met its burden of proof on its affirmative defense and entered judgment for the defendant. Concluding that the judge had improperly shifted the burden of proof to the plaintiff, the Appeals Court reversed that judgment and ordered a new trial. *McGinnis* v. *Aetna Life & Casualty Co.,* 20 Mass. App. Ct. 619, 621-622 (1985). The Appeals Court

held that the judge had improperly drawn a conclusive inference against the plaintiff from the fact that she failed to deny explicitly in her testimony that she procured the loss of her automobile. We disagree with the Appeals Court. The judge did not shift the burden of proof to the plaintiff, and he was warranted in drawing an adverse inference from the plaintiff's failure to testify that she did not intentionally procure the loss.

In his findings and rulings, the judge carefully considered the evidence and found "that the car was more probably than not deliberately destroyed by someone at the plaintiff's behest." The judge explicitly and correctly recognized that the burden of proof was on the insurer to prove its affirmative defense. *Richardson* v. *Travelers Fire Ins. Co.,* 288 Mass. 391, 393 (1934).

After discussing the evidence on which he relied in concluding that the plaintiff had obtained someone to take the car and burn it, the judge added a paragraph to his findings and rulings that caused the Appeals Court to reverse the judgment. In that paragraph, which we set forth in full in the margin,[1] the judge as the trier of fact gave weight to the plaintiff's failure to deny on the stand that she hired someone to steal and burn her vehicle.

The judge responded as any juror or judge, acting on common sense, might have in the circumstances. The plaintiff knew of the insurer's defense when she testified but she did not deny it. She did not resume the stand in rebuttal after the insurer made a prima facie case in support of its affirmative defense. A reasonable trier of fact might well note that omission. For us to say in a civil action that the trier of fact could not give weight to the plaintiff's silence, in the face of evidence warranting a finding against her, is to reject practicalities. In any

---

[1] "In addition to the foregoing, I noticed at the trial that although the plaintiff testified at some length, she at no time unequivocally denied having hired some person to steal and torch the automobile. Both she and her sister testified that they had met no one at the Mall [from which the plaintiff asserted her vehicle had been stolen] — but the plaintiff never stated that she had not prearranged the theft. The absence of such testimony is of particular significance because it was clear from the beginning that the defendant's defense to the action was that the plaintiff had herself intentionally caused or procured the loss. That defense was set forth in the Answer which was filed on July 20, 1982."

event, the judge did not shift the burden of proof to the plaintiff. As a fact finder he simply gave weight, but not conclusive weight, to the absence of that testimony.

The judge's recognition of the absence of a denial from the plaintiff was not only reasonable and practical but also legally permissible. We have long recognized that, in a civil action, once the party having the burden of proof has presented a prima facie case, it is proper to argue to a jury that the party not having the burden of proof did not testify on a matter apparently within that party's knowledge. See *Mitchell* v. *Silverstein,* 323 Mass. 239, 240 (1948); *Murphy* v. *Moore,* 307 Mass. 163, 164-165 (1940). Cf. *Labor Relations Comm'n* v. *Fall River Educators Ass'n,* 382 Mass. 465, 471-472 (1981) (refusal to testify on matters peculiarly within knowledge of witness warrants adverse inference, even if party with control of witness did not have burden of proof). In effect, the plaintiff faced both an allegation that she had engaged in criminal conduct and evidence establishing a prima facie case in support of that charge. In these circumstances, an inference against the plaintiff, having probative force, was warranted. See *Attorney Gen.* v. *Pelletier,* 240 Mass. 264, 316 (1922). See also *Custody of Two Minors,* 396 Mass. 610, 616 (1986). Although "the adverse inference drawn from the failure of a party to testify is not sufficient, by itself, to meet an opponent's burden of proof," the trier of fact may rely in part on such an inference if a case adverse to a nontestifying party's interests has been presented. *Id.* The trial judge, therefore, was plainly warranted within these legal principles in placing "particular significance" on the plaintiff's failure to deny her complicity in the disappearance and destruction of her motor vehicle.

We agree with the Appeals Court's ruling, implicit in the remand of this case for a new trial, that the evidence warranted a finding for the insurer on its affirmative defense.

*Judgment of the Superior
Court affirmed.*