Klubock, J.
This was an action of contract in which the plaintiff sought to recover the fair value of his motor vehicle under the provisions of an automobile theft insurance policy issued by the defendant to the plaintiff.[1] Defendant denied that a theft had occurred and alleged that the plaintiff had made material misrepresentations in connection with his claim.
At the trial, there was evidence tending to show:
On August 16,1989, the Plaintiff was the owner of a 1987 Ford Ranger truck that was insured against theft by the Defendant, and which he had parked overnight along side his store in Methuen, Massachusetts. When he returned he following morning, the truck was missing. The Plaintiff had not given anyone permission to use the truck. He immediately reported his vehicle as missing to the Methuen Police Department and completed a stolen vehicle reportfor the Methuen Police Department. Subsequently, the vehicle was recovered in Andover, Massachusetts by the Andover Police Department. The truck had been totally destroyed and torched and the ignition on the vehicle had been defeated. At the time of the loss, the Plaintiff was current on all his installment payments on the vehicle he was financing nor had he attempted to sell or dispose of it. The plaintiff had not operated the vehicle for some time prior to August 16,1989 because of a mechanical problem, but this problem had been resolved prior to this by a friend of the Plaintiff. The truck was in good operating condition when the Plaintiff last saw it.
The Plaintiff notified the Defendant through its agent on August 17,1989 of the theft, and filed a proof of claim. He later gave an oral statement to the Defendant and provided keys to the vehicle to the Defendant to enable the Defendant to inspect the vehicle.
*256 The court, after trial, made the following findings of fact:
[T]he Plaintiffs truck was mechanically defective in various ways. The Plaintiff did not use the vehicle for several months. It was not operable and it remained parked in the parking area of the Plaintiffs place of business.
The vehicle was repaired by a friend of the Plaintiff so that it became operable. The work was done at the parking lot mentioned already. It seems that no sooner was the work completed, the vehicle was allegedly stolen and subsequently found torched.
[S] ome instrument was used to defeat the ignition. [V] arious parts of the vehicle were removed prior to the torching.
From those findings of fact, the court below concluded “that the theft was set up.” The court found that the Plaintiff had not carried his burden to a preponderance of the evidence.”[2]
Prior to final argument, plaintiff made the following request for ruling:
“4. The burden of proof is on the Defendant to prove that the Plaintiffs truck was not stolen.” The court denied that request, and it is from that denial that this appeal has been taken.
It has long been established that in a case such as this, where the defendant interposes an affirmative defense of fraud, the burden is on the defendant to prove that the plaintiff was attempting to defraud the defendant. Richardson v. Travelers Fire Ins. Co., 288 Mass. 391, 393 (1934); McGinnis v. Aetna Life & Casualty Co., 398 Mass. 37, 38 (1986) (“The judge explicitly and correctly recognized that the burden of proof was on the insurer to prove its affirmative defense.”) Plaintiff requested that the judge rule that defendant had that burden, but the judge denied that request. Recognizing, as it must, that plaintiffs request was a correct statement of the law, defendant argues that it was an incomplete statement because it does not include the preface, “Once the plaintiff has established a prima facie case.” While such a preface might have been preferable, the statement of law presented by the plaintiff was correct and, within the circumstances of this case, did not fail to alert the trial judge to the obvious requirement that the plaintiff was required first to establish a loss apparently within the coverage. The request was a correct statement of the law and should have been allowed.
The more difficult question is whether the denial of the request constituted harmless error. It might be considered harmless, for example, had it been clear that the trial court had applied the correct burden of proof despite its failure to instruct itself correctly. But here, the opposite is true, the court specifically stated:
“I find that the credible evidence does not persuade the Court that the Plaintiff has carried his burden to a preponderance of the evidence.”
The plaintiff produced evidence that, if believed, was sufficient to establish facts that would entitle him to judgment. The trial court’s disbelief of the plaintiff raises the issue ofwhetheracourtistoconsiderthecredibilityoftheevidenceindeterminingwhether a plaintiff has satisfied the burden of production of evidence, i.e., has made out aprima facie case.
Even though the plaintiffs evidence was not believed by the trial judge, the plaintiff met his burden of production of the evidence and a verdict could not have been directed against him. See LIACOS, HANDBOOK OF MASSACHUSETTS EVIDENCE, pp. 44 - 45 (Fifth Ed. 1981). When the plaintiffs evidence “is rebutted, the primafacie evidence does notlose all its effect-it does not cease to exist-... but retains evidentiary status sufficient to take the case to the finder of fact.” LeMaine v. City of Boston, 27 Mass. App. Ct. 1173, 1174 (1989), citing LIACOS, supra at 54-55. Thus, even if not believed, the prima facie case existed and the burden of proof shifted to the defendant to prove that the car was not stolen - that is, to prove that “the theft was set up.” Defendant’s burden was not only one of production of evidence, but of persuasion *257 by a preponderance of the evidence as well. Id. at 41 - 42. The court should have assigned that burden to the defendant rather than to the plaintiff.
Accordingly, the judgment must be set aside and the case remanded to the trial court for further proceedings.

 Count II, alleging a violation of Mass. G.L.c.93A, is not at issue in this appeal.

 It is unclear whether defendant produced any evidence at all.