Hurley, J.
The plaintiff claimed a report from the allowance of the defendant’s motion for summary judgment. We affirm the trial judge and dismiss the report.
In his complaint the plaintiff seeks money damages from the defendant based on a breach of a contract of insurance and unfair claims practices. On July 20,1991 the plaintiff’s automobile was lawfully parked in a position where it was straddling a public street and sidewalk. During the early morning hours the vehicle was struck by another. No one observed the collision, but approximately one-half hour later and one-half mile away, an automobile, alleged to have been stolen, was recovered, with damage to its rear bumper and tail lights. The person who had operated the automobile was never identified. From debris found at the scene of the collision and damage to this other automobile, it is alleged by the plaintiff that it was this car which was involved in the collision with the plaintiff’s automobile. The plaintiff asserts that a witness who lived near the collision site heard the collision and saw a truck speeding down the street. The affidavit of this witness identifies this (stolen) automobile as the vehicle speeding away with one of its tail lights smashed out. Shortly before hearing the collision, the witness observed this stolen automobile stopped alongside a pickup truck approximately 100-150 feet away from, and in front of, the plaintiff’s automobile. The plaintiff alleged that, based upon this evidence, the operator of the stolen automobile intentionally backed up and struck the plaintiff’s automobile and this constituted “vandalism” under the insurance policy issued by the defendant, therefore entitling the plaintiff to recover for the damage done to his car.
The plaintiff did not purchase collision or limited collision coverage. He claims coverage under the comprehensive portion of his policy (part 9), claiming that the hit and run driver deliberately rammed his automobile (vandalism). The comprehensive coverage of his policy includes coverage for damage resulting from vandalism.
The plaintiff has the burden of proving that his loss is within the risks covered by his contract of insurance. Tumblin v. American Ins. Co., 344 Mass. 318 (1962). In this case the plaintiff has the burden of proving that it is more probable than not that the damage to his vehicle was caused by vandalism. He fails to do this since he can only rely on conjecture, speculation or surmise to explain the cause of the damage to his car. Rich v. United Mutual Fire Insurance Co., 328 Mass. 133 (1951) disposes of the plaintiff’s claim. In that case, the court at 135 said that “[I]t could be found that the automobile had been caused to move from its position by reason of human intervention. But there was no greater probability that the force which caused the automobile to move was applied intentionally by a thief or vandal than, for example, by some negligent act of the operator of another automobile or the act *60 of a child in play. The evidence leaves the cause of the impulse to the automobile a matter of speculation, conjecture, and surmise.” The plaintiff is not able to allege a fact or set of facts[1] which sets out a prima facie case for coverage under his policy of automobile insurance.
The motion judge had the following materials before him when he ruled on the motion: defendant’s motion for summary judgment and memorandum in support; plaintiffs opposition to the defendant’s motion for summary judgment; memorandum in opposition; affidavit of Douglas Spencer Leighton; complaint and answer. A party in a civil action moving for summary judgment on a claim in which the opposing party will have the burden of proof at trial is entitled to summary judgment if it demonstrates, by reference to the materials described in Dist./Mun. Cts. R. Civ. R, Rule 56(c), unchallenged by materials in opposition, that the opposing party has no reasonable expectation of proving an essential element of that party’s case. Kourouvacilis v. General Motors Corporation, 410 Mass. 706, 708-716 (1991). The plaintiff counters that since this is a case where a person’s state of mind or motive is critical, Quincy Mutual Fire Insurance Co. v. Abernathy, 393 Mass. 81 (1984) counsels that a grant of summary judgment is disfavored in such circumstances. In that case, however, the person who threw the piece of blacktop at the plaintiff’s car was identified and his actions observed. That context is materially different from the facts (or lack thereof) in this case.
Based on the materials presented, the motion judge was correct in allowing the defendant’s motion for summary judgment.
Report dismissed.

Nhere is no dispute that the collision was not observed by any person known to the plaintiff.