Merrick, P.J.
This is an action under the “Comprehensive” coverage of a Massachusetts automobile policy issued by defendant Liberty Mutual Insurance Company (“Liberty”) to plaintiffs Julie Ann Metivier and Robert J. Metivier, husband and wife, on their 1988 Ford Taurus station wagon. The Comprehensive section of the policy insured against “direct and accidental damage to your auto other than damage caused by collision.”
On August 2,1993, Julie Metivier reported to the Lowell Police that the car had been stolen. A few hours later, the Lowell Police recovered the car from the Merrimack River in Lowell. The plaintiffs’ evidence tended to support a finding that the car had been stolen and that there was a total loss of its $4,150.00 cash value. Liberty, however, introduced circumstantial evidence, the details of which we need not rehearse here, from which the trial judge could have found that the removal and disposal of the vehicle was done or procured by the plaintiffs themselves. The judge made a finding for Liberty, and judgment was entered in its favor.
The plaintiffs have appealed the trial judge’s disposition of several of their requests for rulings of law which amounted to a ruling that the plaintiffs had the burden of proving that the loss was “accidental.”
1. As a preliminary matter, the plaintiffs argue that any ambiguity in the policy language should be construed in their favor. ‘The policy is one prescribed by statute, with standard language controlled by the Division of Insurance.” Jacobs v. United States Fidelity & Guaranty Co., 417 Mass. 75, 76 (1994). Contrary to the plaintiffs’ assertion and [bjecause the language of the standard policy is prescribed by statute and controlled by the Division of Insurance rather than the individual insurer, the rule of construction resolving ambiguities in a policy against the insurer is inapplicable.” Bilodeau v. Lumbermens Mut. Cas. Co., 392 Mass. 537, 541 (1984). See also Gomes v. Metropolitan Prop. & Cas. Ins. Co., 45 Mass. App. Ct. 27, 31 (1998). Moreover, we find no ambiguity in the policy applicable to the case at *89 hand.
2. It is a matter of black letter law in this Commonwealth that in an action upon a policy of insurance, the insured has the burden of proving that his loss falls within the insuring clause of the policy. The insured bears the initial burden of “prov[ing] that the loss [is] within the description of the risks covered.” Highlands Ins. Co. v. Aerovox Inc., 424 Mass. 226, 230 (1997), quoting from Tumblin v. American Ins. Co., 344 Mass. 318, 320 (1962). See also Murray v. Continental Ins. Co., 313 Mass. 557, 561 (1943) and cases cited. This burden includes proving that the loss was accidental, if that element is in the insuring clause. New England Gas & Elec. Assn. v. Ocean Acc. & Guarantee Corp., 330 Mass. 640, 650 (1953). Once the loss is placed within the insuring clause, the insurer then has the burden of proving that the cause of the loss is excepted from coverage by contract exclusion or otherwise. Murray v. Continental Ins. Co., supra at 562.
For example, where a policy insures against “Burglary” defined in the policy as
the felonious abstraction of insured property from within the premises by a person making felonious entry therein by actual force and violence, of which force and violence there are visible marks made by tools, explosives, electricity or chemicals upon, or physical damage to, the exterior of the premises at the place of such entry,
the burden is on the insured to prove all of those elements. Markline Co. v. Travelers Ins. Co., 384 Mass. 139, 140 (1981). See Rosen v. Royal Indemnity Co., 259 Mass. 194, 196 (1927). On the other hand, where the policy insures against loss by the peril of “fire,” the insured need only prove the fire. If the insurer claims the fire was deliberately set by the insured, the insurer has the burden of proving that fact. Richardson v. Travelers Fire Ins. Co., 288 Mass. 391, 393 (1934).
The plaintiff-insured thus has the burden of proving that the loss falls within the insuring clause of the “Comprehensive” coverage (“direct and accidental”), Rich v. United Mut. Fire Ins. Co., 328 Mass. 133, 134 (1951); Monoogian v. Arbella Mut. Ins. Co., 1994 Mass. App. Div. 59, including the burden of proving that the loss was “accidental.”[2] Meagher v. United States Fidelity & Guaranty Co., 1994 Mass. App. Div. 134, 137; Guanci v. St. Paul Fire & Marine Ins. Co., 1983 Mass. App. Div. 238, 240.
3. The plaintiffs are afforded no assistance by the decision of the Supreme Judicial Court in McGinnis v. Aetna Life & Casualty Co., 398 Mass. 37 (1986). That case involved a theft claim under automobile “comprehensive” coverage, and the Court’s opinion was devoted to an analysis of whether the trial court erred in drawing inferences against the insured for her failure to deny explicitly in her testimony that she had intentionally procured the theft of her automobile. Both parties had tried the case on the theory that non-accidental loss was an affirmative defense.[3] The Court proceeded from the stated premises that [t]he judge explicitly and cor *90 rectly recognized that the burden of proof was on the insurer to prove its affirmative defense.” McGinnis v. Aetna Life & Cas. Co., supra at 38. While it stated the rule on the burden of proof of an affirmative defense, the Court did not rule on the parties’ assumption that the non-accidental nature of the loss was an affirmative defense. Compare Noseworthy v. Allstate Life Ins. Co., 40 Mass. App. Ct. 924, 926, rev. den., 423 Mass. 1106 (1996).
The trial judge correctly ruled that the burden of proving “direct and accidental" loss was on the plaintiffs.
Judgment for the defendant is affirmed. Appeal dismissed.
So ordered.

 The coverage is similar, perhaps even identical, to “all risk” coverage under which the key element to be proven is often the nature of the loss as “fortuitous.” HRG Develop. Corp. v. Graphics Arts Mut. Ins. Co., 26 Mass. App. Ct. 374, 376 (1988).

 The briefs and appendix in McGinnis make plain that the case was tried by both parties on this theory. The issue of assignment of the burden of proof was not contested or briefed. Where the parties fry a case on a particular theory, without objection, neither party may complain on appeal because that theory has become the “law of the case.” H.T. Iummus, The “Law of the Case” in Massachusetts, 9 B.U.L. Rev. 225, 227-228 (1929). The ‘law of the case,” however, is “without force beyond the particular case.” Id. at 225. Where a legal ruling is merely assumed or implied but not litigated in one case, that ruling is not authority in another case. Nash v. Lang, 268 Mass. 407, 411 (1929); Vigeant v. Postal Telegraph Cable Co., 260 Mass. 335, 343-344 (1927).