Macdonald, D. Lloyd, J.
The defendant seeks to suppress the handgun and ammunition found in the trunk of the vehicle in which he had been traveling before an accident occurred on September 4, 2011 while he was traveling on Route 24 in Raynham. The motion is Denied.
The only witness who testified at the hearing was the state trooper who responded to the accident, Tpr. Shane Suarez (“Suarez”). On the basis of his testimony and the exhibits, the Court finds the following facts.
There were two cars involved in the accident. Kristy Ferreira (“Ferreira”) was the owner of the car in which the defendant was a passenger. Ferreira was driving at the time. The defendant was in the front passenger seat. After interviewing Ferreira and the driver of the *437 second car, Suarez determined that the accident was the fault of the other driver.
However, in the course of Suarez’s inquiry of Ferreira and of the identity of the defendant and the two other passengers in Ferreira’s car, he became suspicious because of the extreme nervousness exhibited by the defendant. (Among other things the defendant gave inconsistent ages for himself.) Suarez’s suspicion was heightened when the criminal record checks he requested on the defendant and the other passengers disclosed that the defendant and one of the other passengers had records for robbery and weapons. (They had no outstanding warrants, however.)
Suarez was then puzzled by the circumstance that when he informed Ferreira that she was free to leave the scene, Ferreira did not do so. Instead, she and the defendant and the other passengers were “like deer in the headlights"; they were “blank,” except for the defendant’s continued “extreme nervousness.”
Responding to these circumstances, Suarez asked Ferreira whether she had any objection to his searching the vehicle. She was “nonchalant” and gave her permission, saying that he could “do whatever.” After summoning backup, Suarez proceeded to search the front and backseat interior of the vehicle. He found no contraband. However, after releasing the trunk lid from the inside and accessing the trunk, Suarez discovered a partially open container where the subject handgun and two loaded magazines were located.
As noted, Suarez, who was called by the Commonwealth, was the only witness who testified. Although Ferreira was present at the hearing (albeit sequestered during Suarez’s testimony), the defendant chose not to call her.
With there being no reason to otherwise doubt the truth of Suarez’s testimony, the Court finds the facts as testified to by Suarez. As such, the record is that Suarez asked Ferreira’s permission to search the car, and she freely gave it.
Consent searches under these circumstances are ones that are closely scrutinized. The burden is on the Commonwealth to demonstrate that it was freely and voluntarily given and that permission was “something more than mere acquiescence.” Commonwealth v. Rogers, 444 Mass. 234, 237-38 (2005). No single factor is conclusive; the absence of advice that the party has a right to refuse a request is but one such factor. Commonwealth v. Carr, 458 Mass. 295, 302 (2010).
In the Court’s judgment, this is a close case. However, the defendant had the ready opportunity to call Fenreira, who is facing no charges, and he did not do so. Thus, the only testimony of record is Suarez’s. Under these circumstances, the Court draws the inference that, if called — at a minimum — Ferreira would not have contradicted Suarez’s testimony. Unexplained failure to produce evidence, called for by notice or otherwise and within the control of a party, which naturally would be produced if helpful, is foundation for the drawing of an adverse inference against the party. “It may be regarded as conduct in the nature of an admission.” Howe v. Howe, 199 Mass. 598, 603 (1908). See also Frizado v. Frizado, 420 Mass. 592, 596 (1995), citing McGuiness v. Aetna Life & Cas. Co., 398 Mass. 37, 37-38 (1986).
As owner of the car, Ferreira had the authority to consent to the search of the trunk; thus, there is no bar to the evidence so discovered being introduced against the defendant.
At the motion hearing, counsel for the defendant argued that consent was not the issue. Rather, counsel submitted that the Commonwealth had an insufficient basis, in the form of reasonable suspicion, to seek Ferreira’s consent.
The Court is unaware of any threshold of reasonableness that the Commonwealth must establish before seeking consent. The cases the defendant cited for the proposition are inapposite. Further, the defendant’s argument is contradicted by the leading treatise on Massachusetts criminal procedure: “The police require neither probable cause nor reasonable suspicion to ask an individual to give consent to a search. Asking for permission to search is akin to approaching an individual on the street and asking a question; no special predicate is required to do so.” J. Grasso and C. McAvoy, Suppression Matters Under Massachusetts Law§ll-3[b] (2011-2012, ed.).
ORDER
The defendant’s motion to suppress is DENIED.